LAWRENCE C. ENEWOLD V. FERDINAND OLSEN.

FILED JANUARY 16, 1894.    NO. 5385.

1. **Parties: NAMES.** In law, the name of a person consists of one given name and one surname, the two, using the given name first and the surname last, constitute such person's legal name; and to be ignorant of either the given or surname of such a one is to be ignorant of such person's name within the meaning of section 148 of the Code of Civil Procedure.

2. **Summons: NAME OF DEFENDANT: JURISDICTION.** The law requires that a defendant shall be sued by his true name, if the same is known or can be ascertained by the party suing him; and, under section 69 of the Code of Civil Procedure, a court obtains no jurisdiction over the person of a defendant served with summons by leaving a copy thereof at his usual place of residence, unless such defendant is designated by his true name, except in cases brought under section 23 of the Code of Civil Procedure.

3. **Parties: NAMES: SUMMONS: RETURN: JUDGMENTS.** Under section 148 of the Code of Civil Procedure, if a defendant is sued by any name and description other than his true name, except in actions brought under section 23 of the Code of Civil Procedure, a court acquires no jurisdiction over him by the sheriff leaving a copy of the summons at such defendant's usual place of residence. Accordingly, where E. sued "F. Olsen, full name unknown," the sheriff returned that he served the summons on "F. Olsen, full name unknown," by leaving a copy thereof at his usual place of residence. The court defaulted "F. Olsen, full name unknown," and rendered a personal judgment against him. In proceedings by E. against Ferdinand Olsen to show cause why such judgment, the same having become dormant, should not be revived against him, *held*, that the court

acquired no jurisdiction over Ferdinand Olsen by a copy of the summons left at his usual place of residence, and that the judgment rendered against him in the name of "F. Olsen, full name unknown," was a nullity.

4. **Revivor of Judgment:** Defense: Jurisdiction. A person summoned to show cause why a dormant judgment should not be revived against him may interpose the defense that such judgment is void, because the court pronouncing it had no jurisdiction over him, when such lack of jurisdiction appears on the face of the record of such judgment.

ERROR from the district court of Douglas county. Tried below before IRVINE, J.

The opinion contains a statement of the case.

*James A. Powers* and *Switzler & McIntosh*, for plaintiff in error :

But one Christian name is recognized by the courts. (Maxwell, Pleading & Practice, p. 87; *Choen v. State*, 52 Ind., 347; *Phillips v. Evans*, 64 Mo., 17.)

Where parties are known by different names, either one may constitute the Christian name in contemplation of law. (*Goodenow v. Tappan*, 1 O., 63.) Service by one name or the other is good, and judgment based upon such service is valid. (Bliss, Code Pleading, sec. 146.)

Where names are spelled differently, but substantially alike in sound, the proceeding is not vitiated thereby. (*Commonwealth v. Stone*, 103 Mass., 421; *Williams v. Hitzie*, 83 Ind., 303; *Miller v. Brenham*, 68 N. Y., 83.)

The judgment under the service was good. (*Johnson v. Jones*, 2 Neb., 131; *Tweedy v. Jarvis*, 27 Conn., 44; *Jones's Estate*, 27 Pa., 336; *Morse v. Engle*, 28 Neb., 545; *Goodenow v. Tappan*, 1 O., 63; *Scott v. White*, 71 Ill., 287; *Miller v. Brenham*, 68 N. Y., 83; *Commonwealth v. Gleason*, 110 Mass., 66; *Kemp v. McCormick*, 1 Mont. 423; *Rosencrantz v. Rogers*, 40 Cal., 491.)

*C. P. Halligan, contra.*

RAGAN, C.

On the 23d day of December, 1886, Lawrence C. Ene-
wold brought suit on an account in the county court of
Douglas county against one Olsen. In the petition filed
Olsen was described as "F. Olsen, full name unknown."
The sheriff's return of the summons in the case was as
follows: "On December 23, 1886, I received this writ,
and on December 23, 1886, I served by leaving a certified
copy of this writ and indorsements thereon at the usual
place of residence of the within named F. Olsen, the de-
fendant, in Douglas county, Nebraska." The further pro-
ceedings of the county court in the case were as follows:
"January 4, 1887, on the call of the docket, this day, it
appearing to the court that the defendant F. Olsen, has
been served with a summons and has failed to appear,
plead, answer or demur thereto, and is in default: Now,
therefore, on motion of plaintiff's attorney, it is ordered
that default of the defendant be, and the same is hereby
entered against him. The same day the case came on for
trial to the court, L. C. Enewold, the plaintiff, was duly
sworn and examined in his own behalf. After hearing the
evidence, the court finds that said defendant, F. Olsen,
real full name unknown, is indebted to the plaintiff in the
sum of $433.89. It is therefore considered, adjudged," etc.
February 11, 1892, Lawrence C. Enewold filed in said
county court a petition against Ferdinand Olsen praying
for a revivor of said judgment. On said day the county
court made an order that said judgment be revived unless
Ferdinand Olsen should show cause why it should not be.
On February 18, 1892, a copy of this order was duly
served on Ferdinand Olsen, and he appeared in the county
court and objected to a revival of said judgment on the
ground that the same was void, as he, Olsen, was named in
the summons "F. Olsen, full name unknown;" that the
court could only acquire jurisdiction over him by the per-

sonal service of summons, and that the leaving a copy of
the summons at his usual place of residence was not such
service upon him as invested the court with jurisdiction
over his person. The county court sustained the objection
and dismissed the application to revive the judgment.
Enewold took this order to the district court, where the
ruling of the county court was affirmed, and Enewold brings
the judgment of the district court here for review.

Section 69 of the Code of Civil Procedure provides:
"The service [of summons] shall be by delivering a copy
of the summons to the defendant personally, or by leaving
one at his usual place of residence at any time before the
return day." Section 148 of the Code of Civil Procedure
provides: "When the plaintiff shall be ignorant of the
name of the defendant, such defendant may be designated
in any pleading or proceeding by any name and description,
and when his true name is discovered, the pleading or pro-
ceeding may be amended accordingly. The plaintiff in
such case must state, in the verification of his petition, that
he could not discover the true name, and the summons must
contain the words 'real name unknown,' and a copy thereof
must be served personally upon the defendant." The law
requires that a defendant shall be sued by his correct
name, if known to the plaintiff suing him; and section 69
defines what shall be sufficient notice to him when thus
sued. But cases may, and do, arise where the correct name
of a party about to be sued is unknown to the plaintiff
desiring to bring the action. To meet such cases section
148 was enacted, by which the party sued may be desig-
nated by any name and description; but to authorize the
suing of a party by a name and description, i. e., by any
other than his correct name, the statute not only requires
that the plaintiff should be ignorant of the correct name of
the party, against whom he desires the law's process under
a pseudonym, but to make oath that he has not been able
to discover the party's true name. These prerequisites

complied with, the plaintiff may proceed against the party by whatever name and description he chooses, but the summons in such a case must contain the words "real name unknown," and be personally served on the defendant sued, except in cases brought under section 23 of the Code of Civil Procedure. The law presumes that a party will see a summons left at his usual place of residence, and if in such summons he is notified by his true name that he has been sued, he must appear and make a defense if he has one; and if he fails to appear in obedience to the writ's command, he thereby confesses his liability and want of defense to the action, and is concluded by the judgment; but the law does not require Ferdinand Olsen, should he find on his door-step a summons directed to "F. Olsen," to know that such summons was meant for him. In such a case, to require Ferdinand Olsen to appear in obedience to the command of such summons, or be concluded by the judgment, the summons must be delivered to him personally. Ferdinand Olsen may suspect such summons was intended for him,—may even know it; yet, until a copy of it is personally served on him, he is not notified of a suit against him.

The inquiries here are: What, within the meaning of said section 148, constitutes a person's true name; and if Enewold was ignorant that Olsen's given name was "Ferdinand," was Enewold then ignorant of Olsen's true name, within the meaning of said section 148? In *Schofield v. Jennings*, 68 Ind., 233, it is said: "By the common law, since the time of William the Norman, a full name consists of one Christian or given name, and one surname, or patronymic. The two, using the Christian name first and the surname last, constitute the legal name of the person." It follows, then, that a person's legal name is made up of his first or given name and his surname, or patronymic; and, for one to be ignorant of either is to be ignorant of such person's name within the meaning of said section 148;

and that in order to invest the county court with jurisdiction over Ferdinand Olsen in the suit brought by Enewold against him under the name of "F. Olsen, full name unknown," the summons in which Ferdinand Olsen was so designated must have been personally served on him. This not having been done, the judgment rendered by the county court, and which it is here sought to revive, was void. That such summons was left at Ferdinand Olsen's usual place of residence, and that he was aware of it, count for nothing. It might as well have been retained by the sheriff and Olsen notified by mail of its existence. A personal judgment rendered against a defendant without notice to him, or an appearance by him, is without jurisdiction, and is utterly and entirely void. (Black, Judgments, sec. 220.) A statute which allows one party to take a personal judgment against another on proof that notice of suit was left at the defendant's usual place of residence ought not to be extended to cases where the party is sued by any other than his true name.

In this proceeding, one to revive a dormant judgment, Olsen is called on to show cause why the judgment should not be revived, and he alleges as a reason why this should not be done that such judgment is void, and that this appears from the record itself. Can Olsen be heard to make this objection in this proceeding? We think he can. In *Wright v. Sweet*, 10 Neb., 190, it is said: "Upon proceedings to revive a judgment which has become dormant, * * * no objections will be heard which seek to go behind the original judgment." But this case does not decide, nor was it intended to decide, that a person against whom it was sought to revive a judgment might not make the objection that such judgment was void; that is to say, that there was no such judgment; and that such fact appeared on the face of the record. Suppose that Olsen had disregarded the notice served on him to show cause why this judgment should not be revived. The conditional

order of revivor, then, would have become absolute; and there are authorities which hold that such order of revivor would estop Olsen from claiming that the original judgment was void, the proceeding to revive being in the nature of a suit on the judgment, and the order of revivor itself a judgment that the judgment revived was valid and in full force. (*Comparet v. Hanna,* 34 Ind., 74; *Kelly v. Donlin,* 70 Ill., 378; Van Fleet, Collateral Attack, sec. 236, and cases there cited.) This point is not necessary, however, to the decision of the case under consideration. It is not raised by counsel in their briefs, and we do not determine it. Nor must we be understood as deciding that a judgment is void because the defendant is sued or summoned, or described in the judgment rendered against him by a fictitious name, or because he is designated by an initial letter of his given name. What we do decide is that the judgment rendered by the county court in the case of *Enewold v. F. Olsen,* "*full name unknown,*" was void as a judgment against Ferdinand 'Olsen, because the summons in the case was not personally served on him. There is no error in the record, and the judgment is

AFFIRMED.

IRVINE, C., having presided at the trial below, took no part in the decision here.