GEORGE F. GILLIAN V. THOMAS E. MCDOWALL ET AL.

FILED DECEMBER 17, 1902. No. 11,994.

Commissioner's opinion, Department No. 2.

1. **Mortgage: ASSIGNMENT: RECORD: PRIOR LIEN: JUDICIAL SALE: DEED.** An assignee of a mortgage whose assignment is not of record, is barred by a decree foreclosing a prior lien in a suit to which his assignor, who appeared of record as owner of the incumbrance, was made a party, unless he records his assignment prior to the recording of the deed under judicial sale pursuant to such decree. *Goodwin v. Cunningham,* 54 Nebr., 11, distinguished.

2. **Decree of Foreclosure: PRIOR LIEN: SUBSEQUENT LIEN: PARTIES.** A decree of foreclosure of a prior lien, in the absence of an express adjudication based upon proper issues, will not have the effect of determining the validity or standing of a subsequent lien as between the parties thereto, nor of preventing the subsequent incumbrancer from enforcing the same, as to such parties, against the property, or anything representing it, in their hands.

3. **Mortgagee: PARTY DEFENDANT: FORECLOSURE OF TAX LIEN: INITIAL LETTERS.** A mortgagee joined as a party defendant in a suit to foreclose a tax lien may not be sued by the initial letters of his name, under section 23, Code of Civil Procedure, although so designated in the note and mortgage by virtue whereof he claims a lien upon the property in controversy.

4. **True Name of Party Unknown: VERIFICATION OF PETITION: CODE.** In such case the proper course is to proceed under section

. * This opinion was filed after the various commissioner departments had been reorganized. The author of the opinion succeeded Lo-BINGIER.

148, Code of Civil Procedure, by stating in the verification of the petition that the true name of the defendant could not be discovered, and obtaining personal service of summons upon him.

5. ———: INITIAL LETTERS: SECTION 148 OF CODE: PERSONAL SERVICE: APPEARANCE: VOID DECREE. Unless a defendant sued by the initial letters of his name under section 148, Code of Civil Procedure, is served personally or makes an appearance in the case, the judgment or decree rendered therein is not binding upon him.

6. Taxes: REAL PROPERTY: LIEN: SUBSEQUENT INCUMBRANCES: STATUTE OF LIMITATIONS. As taxes on real property are a lien upon the land itself, not merely on some interest therein, where a tax lien is foreclosed within the time fixed by law, but subsequent incumbrancers are not barred, such incumbrancers are not relieved of the necessity of redeeming therefrom, in a suit to assert their liens by the fact that the statutory period for foreclosing the tax lien has expired. *Merriam v. Goodlett*, 36 Nebr., 384, followed; *Goodwin v. Cunningham*, 54 Nebr., 11, distinguished.

ERROR from the district court for Nuckolls county. Foreclosure of tax lien. Tried below before STUBBS, J. *Reversed.*

The ultimate facts appear in the opinion.

*Johnston,* for plaintiff in error.

*Mauck, contra.*

POUND, C.

The facts involved in this case may be stated summarily as follows: A suit was brought to foreclose a tax lien upon certain lands covered by a mortgage. No assignment of the mortgage appearing upon the record, the mortgagee was made a party and served with process. Decree of foreclosure was afterwards rendered, the mortgagee making default. Sale was had pursuant to such decree and the property was purchased by one of the defendants, who thereupon put his deed upon record. Prior to the foreclosure suit, the mortgage had been assigned to the present plaintiff by sale of the note secured thereby, but no assign-

ment was ever recorded. This suit is brought to foreclose the mortgage and to reach the surplus proceeds of the property, which are in the hands of the clerk of the court, and subject them to the lien. The surplus is claimed also by a grantee of the mortgagors, who was a party to the tax-foreclosure, on the ground that the mortgage lien was cut out in that suit. Plaintiff contends that he is not bound by the decree in the tax-foreclosure suit for three reasons: First, because he was the real owner of the mortgage and was not a party to the suit; second, because no finding was made with reference to the validity of his mortgage as between him and the mortgagors, nor as to the priority, standing, or amount of his lien, and no adjudication was had with respect thereto; third, because the mortgagee joined as a party defendant was sued by the initials of his name only, and was not personally served with process and did not appear in the suit. The district court found adversely to the plaintiff and dismissed his suit.

The plaintiff's first contention is based upon the decision in *Goodwin v. Cunningham*, 54 Nebr., 11. But an obvious distinction is to be made between that case and the one at bar. There, as here, the assignment was not of record, and the mortgagee, who was made a party and defaulted, had assigned the mortgage before suit was brought. But in that case the assignment was put of record before the sheriff's deed issued under sale pursuant to the decree, whereas here the purchaser at the sale under the decree has recorded his deed, with no notice of the assignment, and the assignment still remains unrecorded. Assignments of mortgages are within the recording act. *Ames v. Miller*, 65 Nebr., 204. Hence it would seem clear that an assignee of a mortgage, whose assignment is not of record, is barred by a decree foreclosing a prior lien to which his assignor who appeared of record as owner of the incumbrance was a party, unless he records his assignment prior to the recording of a deed under judicial sale pursuant to such decree. *Whipple v. Fowler*, 41 Nebr., 675; *Porter v. Ourada*, 51 Nebr., 510, 514.

The second point appears to be well taken. The decree in the tax-foreclosure suit finds that the taxes were a first lien, forecloses the right of the defendants to redeem therefrom, and orders the land sold for satisfaction thereof. The findings are meager, and the decree of foreclosure is not very carefully drawn. But, fairly construed, there is enough to bar the right of redemption from the taxes as to all defendants. As to the surplus, however, the case is quite different. There is no finding whatever and no adjudication, as between the parties to the mortgage, as to its validity nor as to the standing of the lien thereby created. No such issue was in the case, and as between the mortgagors and the assignee of the mortgage, the lien may still be asserted upon anything which remains to represent the mortgaged property. *Lincoln Nat. Bank v. Virgin,* 36 Nebr., 735; *Moss v. Robertson,* 56 Nebr., 774; *Robertson v. Brooks,* 65 Nebr., 799. Hence the surplus proceeds accruing at the tax-foreclosure sale are subject to the mortgage, and the district court was in error in awarding them to the grantee of the mortgagors.

It seems clear, also, that the service upon the mortgagee in the tax-foreclosure suit is not sufficient to make the decree rendered therein effective to bar his right of redemption from the tax lien. The mortgagee was sued by his initials only. The summons served upon him does not contain the words "real name unknown," as required by section 148, Code of Civil Procedure, and service was had by leaving a copy at his usual place of residence. We are of opinion that section 23, Code of Civil Procedure, does not apply to such a case. That section provides that, in actions upon written instruments, whenever any of the parties to such instruments are designated by the initials of their Christian names, they may be sued by the names by which they are designated in the instrument. But the cause of action of the plaintiff in the tax-foreclosure suit, as against the subsequent incumbrancer, was not a suit upon a written instrument, within the purview of such section. The plaintiff in the foreclosure suit and the

58

mortgagee were not parties to the same instrument, directly or indirectly. The general rule to be followed where a plaintiff is ignorant as to a defendant's real or full name is to be found in section 148, Code of Civil Procedure. In *Burlington & M. R. R. Co. v. Dick,* 7 Nebr., 242, it is held that sections 23 and 24, being exceptions to the general rule, are to be construed strictly. This holding was approved subsequently in *Church v. Callihan,* 49 Nebr., 542, 545. Hence causes of action collateral to the instrument, and not based thereon, are clearly without the purview of said section 23. Thus, in *Church v. Callihan,* the action was for conversion of property claimed by plaintiffs under a chattel mortgage running to them in their firm name. The court said: "Moreover, the action of defendant in error was predicated upon the alleged conversion of the property by plaintiff in error, and that its alleged ownership was evidenced by a written instrument in which it may have been referred to by its firm name would not alone authorize the commencement of the action in such firm name." In like manner, in *Scarborough v. Myrick,* 47 Nebr., 794, 801—an action to quiet title and cancel a land-contract which the defendant had executed by the initials of his first name only—the court took the view that the provisions of section 148 were to be applied. In *Scarborough v. Myrick* there was much more ground to consider the cause one within the purview of section 23 than in the case at bar. Here the cause of action, as to the mortgagee, was that he claimed some right or interest in the property in suit. The plaintiff did not seek to set aside the mortgage nor to obtain any relief under or against it. He sought only to bar such interest or lien as the mortgagee might have in or upon the land. His cause of action against the mortgagee was no more an action upon the instrument than the plaintiff's cause of action in *Church v. Callihan* was upon the chattel mortgage. In such a case as the one at bar the proper course is to proceed under section 148, by stating in the verification of the petition that the true name of the defendant sued by his initials can not

be discovered, and procuring personal service of summons. It might well be that the omission to state in the summons that the real name of the defendant so sued was unknown would be a mere irregularity, and would not subject the judgment to collateral attack. But it is settled that there must be personal service, and that without it the judgment is of no force. *Enewold v. Olsen*, 39 Nebr., 59. It follows that the decree in the tax-foreclosure suit did not have the effect of cutting off the mortgagee's right to redeem. We may say, however, that in cases where service by publication is proper, if the verification of the petition conforms to the requirements of section 148 and the fact that the defendant's real name is unknown is stated in the notice, together with such description as to enable the person intended to be reasonably identified, there is ground for holding the service sufficient. *Scarborough v. Myrick, supra.*

The period fixed by law within which the tax lien might be foreclosed had expired before the institution of the present suit, so that the further question arises whether, in view of the holding in *Goodwin v. Cunningham, supra,* the plaintiff should be required to redeem, or may maintain his foreclosure suit without so doing. We are not entirely satisfied with the decision in that case, so far as it denies the necessity of redeeming, and have no inclination to extend the rule to other classes of cases. *Goodwin v. Cunningham* involved a mechanic's lien. Section 4, article 1, chapter 54, Compiled Statutes,* provides that when any suit or suits shall be commenced on the account of labor or materials within the time of the lien, as fixed by the preceding section, the lien shall continue until the suit is finally "determined and satisfied." We can not but feel that the opinion in *Goodwin v. Cunningham* completely ignores the provision. Whenever, in foreclosing a lien, subsequent lien-holders or other persons claiming an interest have been omitted by mistake, it is proper to bring a supplemental suit for the purpose of barring the omitted claim or interest. *Dodge v. Omaha & S. W. R. Co.,* 20 Nebr., 276;

* Cobbey's Annotated Statutes, sec. 7103.

*Robinson v. Ryan,* 25 N. Y., 320; *Moulton v. Cornish,* 138 N. Y., 133; *Shaw v. Heisey,* 48 Ia., 468; *Foster v. Johnson,* 44 Minn., 290, 46 N. W. Rep., 350. The suit in such case is ancillary to the original foreclosure, and for many purposes a mere branch thereof. *Goodenow v. Ewer,* 16 Cal., 461. Where this right to bring such a supplemental suit exists, can it be said that the original foreclosure suit has been "finally determined and satisfied," within the purview of said section 4? If not so finally "satisfied" it would seem that the lien continues, not only for the purpose of a supplemental suit, but also for general purposes, as provided in the statute. *Ambrose v. Woodmansee,* 27 Ohio St., 147. But we are relieved from the necessity of reviewing *Goodwin v. Cunningham,* in view of an important difference between the class of liens there involved and the lien now before us. In *Merriam v. Goodlett,* 36 Nebr., 384, the exact point presented by the case at bar was before the court, and it was held that redemption must be made. It is claimed that that decision is overruled in *Brown v. Ulrich,* 48 Nebr., 409, and by the many cases in which this court has held that a tax lien is not enforceable against the property subject thereto after expiration of the statutory period of limitation. In *Brown v. Ulrich* the holding in *Merriam v. Goodlett* upon the point here involved was not brought in question, and, in the other cases relied upon, it will be found, either that the court refused to entertain a suit for the purpose of obtaining sale of property to satisfy a tax lien after the statutory period had expired, or else that it refused to require the plaintiff in a suit to quiet title as against tax liens which were no longer enforceable to redeem therefrom. *Foree v. Stubbs,* 41 Nebr., 271; *Warren v. Demary,* 33 Nebr., 327; *Alexander v. Shaffer,* 38 Nebr., 812. Such cases are not conclusive of the question here at issue. Under our practice, the function of a decree of foreclosure is twofold: to obtain sale of the property subject to the lien for satisfaction thereof, and to bar the right of other lienholders or persons claiming interests in the property to redeem. It is plain that no suit for

the former purpose can be maintained after the expiration of the five-year period fixed by statute, and that, when such period has expired without foreclosure and sale, a person who seeks to clear his title from the apparent cloud ought not to be asked to pay a claim which can never be enforced against his title. But it would not follow, necessarily, from this fact, that when the land itself—not merely an interest therein—has been sold under proper judicial proceedings for the satisfaction of such a lien, within the time fixed by law, subsequent lienholders whose claims, attaching only to estates in the land, were wiped out by the sale, ought to be absolved from the duty of redeeming and enabled to take the land without satisfying the tax lien because their right of redemption was not cut off within the statutory period. Taxes are a lien upon the land itself. A mortgage, on the other hand, is not a lien upon the *corpus* of the land, but only upon the mortgagor's interest therein. Taxes remain a lien until satisfied or extinguished by limitation, whatever may become of the title to the land. A mortgage is a lien upon the lar ' in the hands of the mortgagor and all who succeed to his title. When the land is sold under a proper tax-foreclosure, the title of the mortgagor is extinguished, and there is nothing left upon which the mortgage may operate except the surplus proceeds of the sale. The mortgagee may still have a right to redeem, but the fact that this right has not been extinguished will not resubject the property to his claim until by exercising that right he has obviated the effect of the foreclosure sale. This appears to be the ground taken in *Merriam v. Goodlett,* and it has the support of sound reason. *Goodwin v. Cunningham* does not mention nor does it purport to overrule that decision, and an obvious distinction is to be made between the two cases. In *Goodwin v. Cunningham* a mechanic's lien had been foreclosed, but a subsequent mortgagee had not been barred. A mechanic's lien is created by acts of the parties, not by operation of law, and attaches to the interest of the contracting parties, not absolutely to the *corpus* of the land. *Henry & Coatsworth*

*Co. v. Fisherdick,* 37 Nebr., 207.   Hence the purchaser at the foreclosure sale had merely succeeded to the title of the mortgagor, and his title was subject to the mortgage. In other words, in this case, as is said in *Merriam v. Goodlett,* the sale extinguished the mortgage lien, subject to the right of the mortgagee to reinstate it by exercising his outstanding right of redemption.   In *Goodwin v. Cunningham* the land was still subject to the mortgage, and, if the statute of limitations had barred the mechanic's lien and put an end to its position of priority, no exercise of the right of redemption was required to enable the mortgage lien to be asserted.   The necessity of redeeming in a case such as this may be rested upon the fact that otherwise the land is held by an independent title not subject to the mortgage lien.   *Goodwin v. Cunningham* does not apply to such cases, but only to cases in which, upon foreclosure, the purchaser at the sale acquires a title which was and remains subject to other liens without exercising any right of redemption.

Plaintiff, in his petition, makes no offer to redeem from the tax-foreclosure, but seeks a decree for sale of the land as though no such foreclosure had been had.   Such is not his remedy.   He should redeem from the foreclosure sale, and, upon redemption, sell the land for satisfaction of his lien.   Without first redeeming, he can not maintain his suit as to the land.

We therefore recommend that the judgment of the district court be reversed, and the cause remanded, with directions to enter a decree finding the amount due plaintiff upon his mortgage, ordering the surplus proceeds of the tax-foreclosure sale in the hands of the clerk applied to the payment thereof, and dismissing the petition as to the purchaser at the foreclosure sale and those claiming through him.   We further recommend that the costs be taxed to the appellant and the appellees other than McDowall and Ewing, and that the appellee Thomas E. McDowall recover his costs in this court.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, with directions to enter a judgment finding the amount due the plaintiff upon his mortgage, ordering the surplus proceeds of the tax-foreclosure sale in the hands of the clerk applied to the payment thereof, and dismissing the petition as to the defendants McDowall. It is further ordered that the costs in this court be divided between the appellant and the appellees other than McDowall and Ewing, and that the appellee Thomas E. McDowall recover his costs.

JUDGMENT ACCORDINGLY.