PETER R. PETERSON, APPELLEE, v. GEORGE D. RAMSEY ET AL., APPELLANTS.

FILED JANUARY 17, 1907.  No. 14,646.

1. **Estoppel.** A person claiming title derived under a decree of court will not be heard to dispute the authority of the attorney to enter into the stipulation upon which the decree was based.

2. **Quieting Title:** MORTGAGES: LIMITATIONS: EQUITY. Where the holder of a mortgage which is barred by the statute of limitations comes into court and asks for affirmative relief upon the mortgage, the court may, on proper proof, declare such mortgage barred by the statute, without requiring the holder of the legal title of the mortgaged premises to do equity by tendering payment of the amount due thereon.

3. **Specific Performance: SUBSEQUENT PURCHASER.** An action for the specific performance of a contract for the sale of real estate may be maintained against a subsequent purchaser, when he takes with notice of the contract; but, as against him, it is inequitable to require of him a higher deed of conveyance than the one by which he holds.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed as modified.*

*H. M. Sullivan,* for appellants.

*Beall & Shinn,* contra.

OLDHAM, C.

In 1897 one C. W. Young was the owner of tax certificates issued against certain lands situated in Custer county, Nebraska. In July of that year he brought an action in the district court for said county to foreclose these tax certificates. This suit was prosecuted to final judgment and sale, and on April 5, 1902, a deed was executed to him as purchaser. Soon thereafter the land was sold to the plaintiff, Peterson, and a written contract was entered into by him with Frank H. Young, who represented the purchaser, C. W. Young, at the judicial sale. In July, 1903, Ramsey, who is made one of the defendants in this action, filed his petition in the district court for Custer county, the object and prayer of which were to set aside the judgment in the tax foreclosure proceedings and cancel the deed. In this action Peterson was made a defendant, and filed his answer, setting up his contract of purchase and the amount paid thereon. The defendants, Rublee and Morley, were also parties defendant, and filed their answer, setting up an ancient mortgage thereon, of which they alleged ownership. Before the trial of this action the plaintiff therein and the said Frank H. Young, for Charles W. Young, entered into the following stipulation: "Comes now the plaintiff, George D. Ramsey, and the defendant, Charles W. Young, and agree that judgment may be rendered for the plaintiff in this

action quieting title to said premises involved, to wit: The south half of the northeast quarter and the east half of the northwest quarter of section twenty-six (26) in township seventeen (17) north, range nineteen (19) west of the 6th P. M. That the said Ramsey is to pay all costs of said suit, and the said Young is to assign to said Ramsey a certain contract of purchase with one Peter Peterson, and the said Ramsey is to make and execute a new contract with said Peterson, identical in terms with the one now existing between him and the said Young. The said Young is to pay to the said Ramsey the sum of $200 received by him from said Peterson on said purchase contract. Geo. D. Ramsey, Ex., by his atty, H. M. Sullivan. Charles W. Young, by his atty, Alpha Morgan." It seems that this stipulation was acquiesced in by all the parties, as the $200 was paid to Ramsey's attorney, and he was allowed to take his decree accordingly, to which no one objected or excepted on the record. After obtaining the decree Ramsey, instead of complying with the terms of the stipulation and executing a new contract to Peterson, made and delivered to defendant Rublee a quitclaim deed to the lands.

This action was brought by Peterson for the specific performance of his contract of purchase of the lands in dispute, and in his petition he alleged his original contract with Young and the stipulation above set out, under which the title to the premises was quieted in Ramsey, and alleged that defendant Rublee had conspired with Ramsey for the purpose of cheating and defrauding plaintiff of his rights in the land, and in furtherance of such purpose had procured a quitclaim deed from Ramsey with full knowledge of plaintiff's rights therein. The petition prayed that the title be quieted in the plaintiff against Ramsey and Rublee and all others claiming under them, and for general equitable relief. Ramsey was served by publication, and did not answer. Rublee answered, setting up his title to the lands by purchase under his quitclaim deed from Ramsey, and also alleged his ownership of a certain

note secured by a mortgage on the lands, and prayed that, if the court found that he took no title by virtue of his quitclaim deed, his mortgage should be foreclosed. Plaintiff's reply was in the nature of a general denial. On issues thus joined there was a trial to the court, and judgment in favor of the plaintiff quieting his title to the premises on payment into court of the amount due under his contract of purchase. To reverse this judgment defendant Rublee has appealed to this court.

The first objection urged against this decree is that the stipulation under which the decree quieting title in Ramsey was procured was entered into without authority from Ramsey by his attorney, who is now attorney for Rublee, and as such urges this contention. As Rublee derives his title of ownership in the premises through a quitclaim deed from Ramsey, whose title rests on the decree procured by this stipulation, he cannot with one breath assert a title based on this decree, and with another deny the obligations of his grantor under the stipulation under which the decree was granted. Rublee's right, as a mortgagee, was in nowise affected by this stipulation, and the court denied him relief on his prayer for foreclosure, not because of the stipulation, but because the note and mortgage were each clearly barred by the statute of limitations.

It is next urged that, in any event, the decree is erroneous in quieting the title to the premises in Peterson as against Rublee's mortgage, even if the mortgage were barred by the statute of limitations, because, in order to obtain equitable relief against a mortgage barred by the statute, the party seeking such relief must do equity. There would be much force in this contention if it were not for the fact that defendant Rublee asked for affirmative relief in his answer on his note and mortgage by praying for a decree of foreclosure thereon, if the court should find the quitclaim deed from Ramsey insufficient to quiet title in him. Having thus asked for affirmative relief on his outlawed mortgage, and having thus voluntarily invoked judicial action on his rights under it, it was proper and

competent for the court to make a finding, under the evidence, that the mortgage was barred by the statute of limitations. While it was perhaps technically erroneous to direct that the mortgage be canceled and held for naught, yet such error was of slight prejudice to the appellant, and, were it not for another defect in the decree, we would hesitate to even modify it for this inaccuracy.

The other defect is that the decree directs that, on the payment into court of the money due on the contract, defendant Rublee execute a deed of general warranty to the premises to plaintiff Peterson. We think this part of the decree inequitable, in view of the fact that Rublee only holds the land by quitclaim deed from Ramsey. While it is true that, under the proof in the record, it is made clear and convincing that Rublee took this quitclaim deed with full knowledge of Peterson's rights in the premises under his contract with Young and under the stipulation, in furtherance of which the title was quieted in Ramsey, yet, as the deed which he took gave him no recourse upon Ramsey, we do not think the trial court was justified in compelling him to warrant the title to the lands to Peterson.

We therefore recommend that the decree of the district court be modified by a simple finding that the note and mortgage owned by defendant Rublee are barred by the statute of limitations, and by directing that Rublee execute a quitclaim deed, with covenants against his own acts or omissions, and not a deed of general warranty, to plaintiff Peterson, on payment by the latter of the amount due on his contract of purchase within the time specified in the decree, and that the judgment, as so modified, be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is modified by a finding that the note and mortgage owned by defendant

Rublee are barred by the statute of limitations, and by directing that Rublee convey the premises to plaintiff Peterson by quitclaim deed, with covenants against his own acts or omissions, on payment by the latter of the amount due on the contract of purchase within the time specified in the decree, and it is ordered that the judgment of the district court, as so modified, be affirmed.

AFFIRMED AS MODIFIED.