DANIEL HERBAGE, ADMINISTRATOR, ET AL., APPELLANTS, V. HORACE N. MCKEE ET AL., APPELLEES.

FILED SEPTEMBER 16, 1908. No. 15,273.

1. **Process:** CONSTRUCTIVE SERVICE: DECREE: VALIDITY. A defendant in a foreclosure proceeding sued by the initial letters of his name, who does not appear in the action, and upon whom personal service of a summons is not made, is not bound by the decree rendered therein.

2. **Mortgages:** LIEN: LIMITATIONS. A mortgage on real estate continues as a lien thereon for only ten years from the maturity of the debt secured, unless in the meantime a payment has been made thereon, or the statute of limitations is otherwise tolled.

3. **Adverse Possession:** UNIMPROVED LAND. "When land is unimproved and unoccupied, the person holding the legal title is deemed to be in possession thereof." *Yorgensen v. Yorgensen*, 6 Neb. 383, and *Troxell v. Johnson*, 52 Neb. 46, approved and followed.

4. ———: CONSTRUCTIVE POSSESSION. Naked color of title derived through a sheriff's void sale does not draw to it constructive possession of the property, where actual possession is not taken of any part of the premises, so as to confer any estate by mere lapse of time.

5. **Mortgages:** AFFIRMATIVE RELIEF: DEFENSE OF LIMITATIONS: EQUITY. If the owner of a mortgage which is barred by the statute of limitations asks affirmative relief, the court upon a plea of said statute and proof adduced in support thereof may dismiss the action without compelling the defendant to pay any part of the outlawed claim.

APPEAL from the district court for Holt county: JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*R. R. Dickson,* for appellants.

*M. F. Harrington* and *W. R. Butler, contra.*

ROOT, C.

The facts in this case, although somewhat complicated, are practically undisputed. In 1889 Stillman B. Morrill owned the fee title to the land in controversy, and executed

his mortgage thereon payable April 1, 1894. Said mortgage was duly recorded, and thereafter Henry Herbage became the owner thereof. By mesne conveyances duly recorded Edward W. Moffitt, Jr., became the owner of said land. In 1890, the date not being established, Moffitt conveyed the land to Horace N. McKee, but this deed was never recorded. February 22, 1890, McKee, in the name of H. N. McKee, mortgaged said land to Toncray, and the mortgage was duly recorded March 8, 1890. In 1891 Edward W. Moffitt, Jr., died, unmarried and without issue, leaving his father, Edward W. Moffitt, and his mother, Ann Moffitt, him surviving, both residents of Holt county, Nebraska. October 31, 1892, Henry Herbage commenced his action to foreclose the Morrill mortgage, making Morrill and wife, Edward W. Moffitt, Jr., J. H. Alling, an assignee of a subsequent mortgage, H. N. McKee, C. H. Toncray and Schneider & Loomis, defendants. A summons was issued against and served on Edward W. Moffitt, Sr., who was not a party to the action. Schneider & Loomis made voluntary appearance. An affidavit for constructive service as to the other defendants was filed, and notice by publication given to them. The affidavit to the petition did not state that plaintiff did not know and could not discover the true name of said defendants, and the notice described them by initials only. January 27, 1893, default was entered in said action against all of the defendants, and a decree of foreclosure entered. April 3 the land was sold under the decree to Henry Herbage, and on the 6th day of May, 1893, the first order in confirmation was entered. The second order was not made in the lifetime of Herbage, who died testate, a resident of New York, on the 8th day of December, 1893. March 24, 1894, without any revivor of the action or decree, the court confirmed said sale, and ordered the then sheriff to make a deed to Herbage. The deed was evidently not made, and March 4, 1901, one Mackie, the executor of the Herbage will, made application for a deed for the real estate, and in the said foreclosure proceedings an order

was entered that the then sheriff execute a deed to said
executor, which was done, and the deed duly recorded.
Sarah Shimmons was named as the residuary legatee and
devisee in the Herbage will. All the other legacies hav-
ing been satisfied and the costs of administration paid,
the said executor, for the purpose of transferring the
testator's interest in said land, on the 6th day of April,
1901, executed to said Shimmons a quitclaim deed for
said land, which was recorded April 15, 1901. The Herb-
age will does not seem to have been admitted to probate
in Nebraska.

In the meantime Edward W. Moffitt, Sr., departed this
life, and thereafter, the date not being shown, Mary But-
ler, defendant herein, secured a deed for the land from
Ann Moffitt, the widow, and thereafter said grantor died.
On the 23d day of April, 1904, Sarah Shimmons filed her
petition against the unknown heirs of Edward W. Moffitt,
Jr., all of the defendants in the Herbage foreclosure suit,
and Mary Butler and husband, wherein she claimed that,
by reason of the aforesaid facts, she became and continued
to be the owner in fee simple of said premises, and asked
that the court decree that the deed to her from Mackie,
executor of the Herbage estate, conveyed a good title, and
that said title be quieted and confirmed against all of
said defendants. Mary Butler on the 23d day of May,
1904, procured a deed to herself for said land from Hor-
ace N. McKee and wife, and had it recorded on the 31st
day of said month. She immediately took possession of
the land, and has occupied it ever since. Prior to said
date no one seems to have occupied the land. Butler paid
the taxes for 1903, 1904 and 1905. Sarah Shimmons paid
taxes for 1900, 1901 and 1902, and for the preceding
years the record is silent as to such payment. Butler
answered in said action, claiming to own the land in fee,
challenged the jurisdiction of the court in the foreclosure
proceedings as to McKee, the owner of said land, set up
the statute of limitations, and asked that the petition be
dismissed. In September, 1904, Sarah Shimmons departed

this life, and her action was revived in the name of her administrator and heirs. November 15, 1904, the said representatives of Sarah Shimmons filed a petition in the foreclosure suit, reciting in detail most of the foregoing facts, but claiming that all proceedings taken in the said suit subsequent to the death of Herbage were null and void. Butler was-named as a party, and, whether summoned or not, she appeared therein. Said petitioners asked that the court hold that all of said proceedings subsequent to Herbage's death were null and void, and that Butler and all other persons, named be required to redeem from the decree, or, in default thereof, be foreclosed of all equity of redemption in said land, and for equitable relief. Butler answered practically as in the suit to quiet title, and asked that the application be denied. Replies were filed. The court consolidated the two actions for trial, and found for Butler and dismissed the petitions. The Shimmons representatives appeal.

1. It is conceded by counsel that the foreclosure decree was void as to the defendants described by initial, and such is the law. *Enewold v. Olsen*, 39 Neb. 59; *Gillian v. McDowall*, 66 Neb. 814. It is also conceded that the judgment and proceedings did not bind the heirs of Edward W. Moffitt, Jr., because Moffitt was dead when said suit was instituted. Counsel also agree that the orders made in the foreclosure suit subsequent to January 27, 1893, the day Herbage died, are invalid, and for the purposes of this case we adopt their conclusion. Ten years and 23 days had passed subsequent to the maturity of the Morrill mortgage and prior to the commencement of the action by Shimmons to quiet her title, and 10 years, 7 months and 14 days elapsed subsequent to the maturity of said debt and before the institution of any proceedings in the foreclosure suit so as to bind the owner of the equity of redemption of said land; therefore the statute of limitations was a perfect defense. Section 6 of the code; *Merriam v. Goodlett*, 36 Neb. 384; *Nares v. Bell*, 66 Neb. 606.

2. Counsel insist that Sarah Shimmons and her representatives must be considered as mortgagees in possession and that the statute will not run against them, but that they must be paid the mortgage debt before they can be dispossessed. Unfortunately for plaintiffs neither they nor their predecessors have occupied the land. It seems to have been wild, unimproved and unoccupied, and, prior to Mrs. Butler taking actual possession thereof, the possession in law was in McKee, the owner of the equity of redemption. *Yorgensen v. Yorgensen,* 6 Neb. 383; *Troxell v. Johnson,* 52 Neb. 46. Nor did the sheriff's void deed to the executor and the executor's conveyance to Sarah Shimmons give her a constructive possession of the premises so as to entitle her to the benefit of the statute of limitations. *Bull v. Beiseker,* 16 N. Dak. 290; *Hoffine v. Ewings,* 60 Neb. 729.

3. Finally, it is urged that as a condition to equitable relief Mrs. Butler should be compelled to pay the mortgage. Mrs. Butler did not ask for or receive affirmative relief. She did not commence the action, and when brought into court defended, as she had a right to do. Whatever cloud was created on the title to the land by virtue of the transactions herein related still remains, and must continue, but Mrs. Butler was entitled to a dismissal of the actions. *Peterson v. Ramsey,* 78 Neb. 235.

We do not find any error in the record, and recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.