JAMES MCNAMARA, APPELLEE, v. PETER E. GUNDERSON, APPELLANT.

FILED APRIL 24, 1911. No. 16,324.

1. **Process:** NAMES UNKNOWN. In law the name of a person consists of one given name and one surname, the two, using the given name first and the surname last, constitute such person's legal name; and to be ignorant of either the given name or surname of such a one is to be ignorant of the person's name within the meaning of section 148 of the code.

2. **Tax Foreclosure:** CONSTRUCTIVE SERVICE: JURISDICTION. In an action to foreclose a tax lien where there has been no administrative sale of the real estate, no personal service of summons, no appearance by any of the defendants, and the land itself is not made a party, if either the Christian or surname of the owner or the occupier of the premises is unknown, and there has been no attempt to comply with the provisions of section 148 of the code, the court is without jurisdiction to render a decree which will deprive the owner of his right of redemption.

3. **Evidence** examined, and found sufficient to sustain the judgment of the district court.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan* and *J. A. Sheean,* for appellant.

*Hoagland & Hoagland, contra.*

BARNES, J.

Action to redeem a quarter section of land, situated in Lincoln county, from tax sale and to quiet the title thereto. The plaintiff had the judgment, and the defendant has appealed.

It appears that the Union Pacific Railroad Company obtained a patent to the land in question from the United States; that one Katherine E. Farrell made a contract for the purchase thereof with the company, and assigned her contract to her daughter, Anna Elizabeth Farrell,

who on the 24th day of June, 1891, married one George
P. Stauduhr, of Rock Island, Illinois, where she has
ever since resided; that she assumed the name of Anna
Elizabeth Stauduhr, and ever since her marriage has been
known by that name; that when she paid the purchase
price for the land in question, according to the terms of
the contract, the railroad company conveyed the same to
her by warranty deed as Anna Elizabeth Farrell, because
she was so named in the assignment of the contract; that
her deed was duly recorded on the 5th day of November,
1906, in the deed records of Lincoln county, Nebraska;
that on the 1st day of December, 1906, she, together with
her husband, sold and conveyed the land to the plaintiff,
James McNamara, and at that time there was nothing
of record which showed that the defendant had any in-
terest therein.　It further appears that, while the title to
the land was in the railroad company, certain taxes were
assessed thereon; that they became delinquent, and on the
1st day of September, 1901, without any previous admin-
istrative sale, the county attorney of Lincoln county
commenced an action in the district court to foreclose
the lien for the delinquent taxes and subject the land to
judicial sale for the payment of the same.　The Union
Pacific Railroad Company was not made a party to the
action, although at that time it had the record title.　Ann
Elizabeth Farrell, ———— Farrell, her husband, first and
real name unknown, Hy C. Wivill, John Doe, real name
unknown, occupant, and Richard Roe, real name un-
known, were the defendants named in the petition.　There
was an attempted service by publication, but no personal
service whatsoever.　There was no attempt to comply with
the provisions of section 148 of the code, which reads
as follows: "When the plaintiff shall be ignorant of the
name of a defendant, such defendant may be designated
in any pleading or proceeding by any name and descrip-
tion, and when his true name is discovered, the pleading
or proceeding may be amended accordingly.　The plaintiff
in such case must state, in the verification of his petition,

**11**

that he could not discover the true name, and the summons must contain the words 'real name unknown' and a copy thereof must be personally served upon the defendant." On the 15th day of April, 1902, a decree was rendered forclosing the tax lien; sale of the premises was made by the sheriff under said decree to the defendant Peter E Gunderson by the name of "P" Gunderson; the sale was afterwards confirmed, and the sheriff executed and delivered to the defendant a deed to the premises, which was recorded in the deed records of Lincoln county on the 26th day of December, 1906. The defendant went into possession of the premises, and now claims to be the owner thereof under and by virtue of the sheriff's deed. It appears that neither the plaintiff nor his grantors ever had any actual notice of the pendency of the tax foreclosure proceeding, and the district court, upon the record and the evidence adduced at the trial, found that the tax foreclosure proceeding was void and insufficient to cut off the plaintiff's right of redemption, and rendered a decree allowing the plaintiff to redeem the premises from the tax lien upon the payment of the amount bid by the defendant at the foreclosure sale, together with interest, penalties, costs and the value of defendant's permanent improvements, from which was deducted the sum of $70 as rents and profits while the defendant was in possession of the premises.

The defendant contends that the proceedings in the foreclosure suit were regular and the decree is not subject to collateral attack; while the plaintiff asserts that it was void for many reasons. If for any reason the decree in the foreclosure case was void, then the judgment appealed from must be affirmed. It is conceded that there is no element of estoppel in this case, and it is apparent that the record title to the land in question was in the railroad company at all times prior to the 5th day of November, 1906. Therefore the taxes which became delinquent and which were the basis of the foreclosure proceedings must have been assessed against that company. The record

owner against whom the property was assessed was not made a party to the foreclosure suit. The assignee of the sale contract was named in the petition as Ann Elizabeth Farrell, while her true name was Anna Elizabeth Stauduhr; the alleged occupant was described as John Doe, real name unknown, and the verification to the petition did not contain the statement required in such cases by the provisions of section 148 of the code. There was no personal service of summons and no appearance by any of the defendants and none of them had any actual notice of the pendency of the action. In *Gillian v. Mc-Dowall*, 66 Neb. 814, which was an action to foreclose a tax lien, it was held that, where the true name of a party is unknown, the proper course is to proceed under section 148 of the code by stating in the verification of the petition that the true name of the defendant could not be discovered, and obtain personal service upon him. It would seem that this rule should apply to the occupant of the premises in an action to foreclose a tax lien. As to the assignee of the sale contract, if she should be treated as the owner, which seems to have been the course pursued by the county attorney in the foreclosure suit, it appears that she was not sued by her true name, for two reasons: First, her real surname was Stauduhr, and not Farrell, and that fact could, without doubt, have been ascertained by proper inquiry; second, she was designated as Ann, while her first or Christian name was Anna. No explanation of this method of procedure, or the necessity therefor, was contained in the petition, neither was it referred to in the verification. We cannot presume that Ann Elizabeth Farrell is Anna Elizabeth Stauduhr or Anna Elizabeth Farrell; the two names are distinctly different, and no presumption arises that they are used to designate one and the same person. It has always been the rule in this state that in law the name of a person consists of one given name and one surname, the two, using the given name first and the surname last, constitute such person's legal name; and to be ignorant of

either the given name or surname of such a one is to be ignorant of such person's name within the meaning of section 148 of the code. *Enewold v. Olsen,* 39 Neb. 59. While we do not decide that a married woman may not be sued by the name she had previously borne, it is sufficient to say that, if an attempt is made to sue her by that name, both her former christian name and surname should be correctly stated; and if it is sought to deprive her of the title to her property in a tax foreclosure proceeding, without personal service of summons, and her land is not made a party, a failure in that respect will render a judgment cutting off her right of redemption subject to collateral attack. We are therefore of opinion that the district court rightly held that the decree in the tax foreclosure proceeding was not a bar to the plaintiff's right to redeem his land from the judicial tax sale.

This renders it unnecessary for us to determine any of the other objections to the tax foreclosure decree which have been presented by counsel for the plaintiff. No objection has been made that the decree in the instant case was insufficient in form or incorrect in amount. We are of opinion that the judgment of the district court was right, and it is

AFFIRMED.

FAWCETT, J., not sitting.