MARY BUTLER, APPELLANT, v. FARMLAND MORTGAGE & DEBENTURE COMPANY ET AL., APPELLEES.

FILED DECEMBER 18, 1912.    No. 16,893.

Estoppel by Deed. *Stratton v. McDermott*, 89 Neb. 622, reexamined, reaffirmed, and the case at bar *held* ruled thereby.

APPEAL from the district court for Knox county: ANSON A. WELCH, JUDGE. *Affirmed.*

*M. F. Harrington* and *W. R. Butler*, for appellant.

*Fred H. Free* and *G. T. Kelley*, contra.

FAWCETT, J.

The land involved is the southeast quarter of section 30, township 29 north, of range 4 west, in Knox county, Nebraska. In 1890 one Crittenden, then the owner of the land, executed and delivered to defendant mortgage company a mortgage thereon to secure the sum of $900, due and payable October 1, 1895. In March, 1896, Crittenden sold and conveyed the land to one Jackson. In the deed Jackson, the grantee, was designated as A. R. Jackson. This deed was duly recorded. In his deed Jackson assumed the Crittenden mortgage. Default having been made upon the mortgage, the loan company, in April, 1896, brought suit to foreclose the same and made "A. R. Jackson" a defendant. Jackson being a nonresident, service by publication was had upon him by the name which appeared in his deed of conveyance from Crittenden, viz., A. R. Jackson. A decree of foreclosure was entered, and at the sheriff's sale the loan company was the purchaser. The sale was confirmed

and deed issued to the loan company. In 1901, and after having obtained its sheriff's deed, the defendant loan company entered into a contract with one Stevens for a sale of the land. Stevens assigned his interest in the contract to defendant Cox, and defendant McColley is a tenant under defendant Cox. In view of the conclusion reached in this case, it will not be necessary to again refer to the three last named defendants. In May, 1905, for an alleged consideration of $25, plaintiff obtained from Jackson a quitclaim deed to the land. Jackson's name appeared in the body of the deed as A. R. Jackson, and the deed was executed and acknowledged in the same manner. Plaintiff brought this suit in the district court for Knox county, as such grantee of Jackson, to redeem from the mortgage above referred to and for an accounting of the rents and profits. From a judgment in favor of the defendants, plaintiff appeals.

The ground upon which plaintiff bases her claim for reversal is that the foreclosure of the mortgage as to Jackson was void, for the reason that he was sued by the initial letters of his Christian name, and that the service by publication upon him was likewise by such name. In plaintiff's brief it is urged that the case is controlled by *Enewold v. Olsen*, 39 Neb. 59; *Gillian v. McDowall*, 66 Neb. 814; *Herbage v. McKee*, 82 Neb. 354; *Butler v. Smith*, 84 Neb. 78, and other cases, which are to the effect that, "in law, the name of a person consists of one given name and one surname, the two, using the given name first and the surname last, constitute such person's legal name; and to be ignorant of either the given or surname of such a one is to be ignorant of such person's name within the meaning of section 148 of the code of civil procedure (*Enewold v. Olsen, supra*);" and, "unless a defendant sued by the initial letters of his name under section 148, code of civil procedure, is served personally or makes an appearance in the case, the judgment or decree rendered therein is not binding upon him." *Gillian v. McDowall, supra*.

Defendants contend that, Jackson having taken a deed

to the property in the name of A. R. Jackson and recorded the same under that name, and plaintiff having accepted from Jackson a deed in which he is described and which he executed as A. R. Jackson, and recorded the same, they both thereby represented to the world that A. R. Jackson was Jackson's true and only name, and that plaintiff is now estopped to claim that his name is other than that set out in those deeds. Defendants insist that the cases relied upon by plaintiff have no application to the case at bar, but that the case is ruled by *Stratton v. McDermott*, 89 Neb. 622. We think defendants' contention is sound and must be sustained. In *Stratton v. McDermott*, the doctrine of estoppel, now contended for by defendants, was fully and very carefully considered by this court, and, while the opinion in that case was not by a unanimous court, it, of course, has the same force and effect as if it had been unanimous. In that case the cases now cited and relied upon by plaintiff were all carefully considered, and this court, after such full and careful consideration, announced the law as contended in the syllabus, viz.:

"1. The surname and an initial letter may constitute the full name of an individual, and, when a grantee is so named in his title of record, it will not be presumed that he has another name. If he conveys the land in the name by which he holds it of record, he will be estopped as against his grantee to allege that it is not his true name.

"2. A deed was taken in the name of H. Emerson as grantee. It was duly recorded, and the grantee took possession of the land thereunder. There was nothing upon the deed record indicating that the grantee had any other name. In the meantime the county brought an action against H. Emerson and others to foreclose its lien for taxes which were delinquent for several years; the action proceeded to foreclosure and sale, and sheriff's deed issued, which it is stipulated also described him as H. Emerson. *Held*, That Emerson's grantee is estopped to allege, in an action to quiet his title against the purchaser at said sheriff's sale, that his grantor's true name was not H. Emerson."

No sufficient reason has been assigned for a departure from the doctrine so carefully considered and announced in *Stratton v. McDermott,* and it is reaffirmed. The judgment of the district court being in harmony therewith, it is

AFFIRMED.