MARTIN NELSON, APPELLEE, V. DANIEL SUGHRUE ET AL., APPELLANTS.

FILED MARCH 28, 1913. No. 17,122.

Judgment: CONSTRUCTIVE SERVICE: JURISDICTION. Record examined, and the case at bar *held* ruled by *Stull v. Masilonka*, 74 Neb. 322, and other cases cited in the opinion.

APPEAL from the district court for Deuel county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wilcox & Halligan, C. H. Sloan, F. W. Sloan* and *J. J. Burke,* for appellants.

*L. O. Pfeiffer* and *Hoagland & Hoagland, contra.*

FAWCETT, J.

From a judgment by the district court for Deuel county, in favor of plaintiff in a suit to redeem a quarter section of land from a foreclosure by the county of certain tax

liens, defendants appeal. No bill of exceptions has been presented. The only question for consideration, therefore, is whether the decree is supported by the pleadings.

The land involved is the southwest quarter of section 2, township 14, range 45, in Deuel county. The land was patented by the United States to Otto N. Holden, May 27, 1891. On February 18, 1909, Otto N. Holden and his wife, Emma C., conveyed the premises to plaintiff. The suit to foreclose the tax liens, being the suit under which defendants claim title, was commenced February 15, 1900. The petition was filed by the county attorney in the name of the county. In the petition the defendants were designated as "O. N. Holdeen and Mrs. O. N. Holdeen, his wife, real name unknown." The verification was by the county attorney, and recited that "I cannot discover the true name of the defendant designated 'Mary Holden, his wife.'" The affidavit for publication of summons was also by the county attorney. The affidavit recites "that the above named defendants O. N. Holdeen, first real name unknown, and Mrs. O. N. Holdeen, his wife, first real name unknown, are nonresidents of the state of Nebraska," and further recites: "Service of summons cannot be made on said defendants, or any of them, within this state." The published notice runs to "O. N. Holdeen, first real name unknown, and Mrs. O. N. Holdeen, his wife, first real name unknown, defendants."

The question now is: Did the court, by the petition, affidavit and published notice above set out, obtain jurisdiction to enter a decree of foreclosure in that suit? Under section 148 of the code, and numerous decisions of this court, that question must be answered in the negative. There is no contention here but what the patentee, under the patent from the United States, was Otto N. Holden. It is therefore established that that was his true name. It is not shown, nor attempted to be shown, that Mr. Holden had taken title to the land by his initials, so as to bring the case within the rule announced in *Stratton v. McDermott*, 89 Neb. 622, reaffirmed in *Butler v. Farm-*

34

*land Mortgage & Debenture Co.,* 92 Neb. 659. We therefore hold that the case is ruled by section 148 of the code, and by *Enewold v. Olsen,* 39 Neb. 59; *Gillian v. McDowall,* 66 Neb. 814; *Stull v. Masilonka,* 74 Neb. 322; *Herbage v. McKee,* 82 Neb. 354; and *Butler v. Smith,* 84 Neb. 78.

AFFIRMED.

REESE, C. J., BARNES and ROSE, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.