L. A. NARES ET AL. V. GEORGE M. BELL ET AL.

FILED DECEMBER 3, 1903. No. 12,190.

Commission's opinion, Department No. 3.

Mortgages: LIEN: INSTALMENTS: LIMITATION OF ACTION: . A mortgage on real estate continues as a lien thereon for ten years only from the maturity of the debt secured. If the debt secured is payable in instalments, the mortgage can not be enforced as a security for any instalment due and payable ten years or more prior to the commencement of the action to foreclose.

ERROR from the district court for Boone county. Bill in equity to foreclose a specific lien—a mortgage on real

estate. Tried below before MUNN, J. Decree for plaintiffs. Defendants bring error. *Reversed.*

*C. E. Spear,* for plaintiffs in error.

*H. C. Vail, R. W. Hobart* and *James G. Reeder, contra.*

DUFFIE, C.

Nares brought an action in the district court for Boone county to foreclose a mortgage executed by George M. and Louisa A. Bell. Patrick H. Smith was the owner of a prior mortgage, made to him March 4, 1888. This mortgage secured two notes,—one for $150, due in one year, the other for $50, due in eighteen months. On the 31st day of August, 1900, he intervened in the action brought by Nares, claiming a foreclosure of his mortgage for the full amount secured thereby, and asking that it be declared a first lien upon the mortgaged premises. As will be noticed from the above statement, the note for $150 had matured more than ten years prior to the filing of his petition of intervention, and the statute of limitations was interposed against his recovery so far as this note is concerned. The district court entered a decree foreclosing the mortgage for the full amount secured thereby, and the case is brought here upon error.

Should the district court have entered a decree foreclosing the mortgage for the full amount secured thereby, or had the intervener, by his neglect to commence foreclosure proceedings within ten years from the maturity of the note, lost his right to foreclose for the amount represented by that note? It is insisted by the defendant in error that where a mortgage secures a debt payable by instalments, the statute does not commence to run against a foreclosure of the mortgage until the last instalment has matured; and we are cited to several cases where the debt or the interest reserved upon the debt was payable in instalments, and the mortgage contained a clause ma-

turing the whole debt on default in the payment of any instalment when due. In the cases cited, it was held that this condition in the mortgage conferred upon the mortgagee a mere option, which he might exercise or not at his pleasure; but if he failed to exercise it, and to declare the debt due before its maturity, as shown by the face of the contract, that the statute did not commence to run until the debt had fully matured according to the terms of the notes secured by the mortgage. *Watts v. Creighton,* 85 Ia., 154; *Richards v. Daley,* 116 Cal., 336; *Mason v. Luce,* 116 Cal., 232; *Lowenstein v. Phelan,* 17 Nebr., 429. In Wood, Limitations,* section 224, it is said: "When a mortgage is payable by instalments, the statute attaches to each instalment as it becomes due, but the mortgagor's possession does not become adverse until the last instalment has matured."† This, we think, announces the true rule. At common law, the mortgagor having by his mortgage conveyed to the mortgagee the legal title to the premises, his possession, if he remain in possession of the estate, is as tenant of the mortgagee; and such possession can not become adverse or hostile until the full running of the statute after the maturity of the last instalment due upon the mortgage. As long as any part of the mortgage debt remains unpaid and not barred, the mortgagee may assert the legal title conveyed to him by the mortgage; but in this state, where the mortgage is a security, giving a mere lien on the premises, the question reduces itself to the existence of the lien and the amount secured thereby. Our law declares that the statute shall not operate against the lien until ten years from the maturity of the debt secured. This view is strengthened by the provisions of our statute relating to foreclosures. Our statute allows and contemplates the foreclosure of a mortgage whenever any instalment secured thereby has matured. In such case, after action commenced to foreclose for a matured instalment, the mortgagor may, before the decree is entered,

---

* Third edition, by John M. Gould.
† See *Parker v. Banks,* 79 N. Car., 480.

bring into court the instalment due, with interest and costs, and the petition will then be dismissed, or after decree he may bring into court the amount due, with costs, when the proceedings in the case will be stayed; but the court is to enter a decree of foreclosure and sale, to be enforced by further orders of the court upon default in the payment of any instalment that may thereafter come due. Code of Civil Procedure, secs. 856, 857. The following sections relate to the sale of the mortgaged premises, and provide for a sale of only such part thereof as will satisfy the amount then due upon the mortgage, when the same may be sold in parcels without injury to the parties; but where the mortgaged estate can not be divided and sold in parcels, the whole estate must be sold and so much of the proceeds as is necessary to discharge the amount then due, paid over to the mortgagee, and the balance retained to meet other instalments that may mature in the future, or if the mortgage debt does not draw interest, the whole amount is to be paid, making a suitable rebate for interest for the time that the residue shall have to run before maturity. It will be seen from the foregoing that the legal right to foreclose the mortgage accrues as soon as any instalment secured thereby matures. This right does not depend upon an election which the mortgagee may exercise, or not, at his pleasure, but is a right given by statute, and, as we believe, sets in operation the statute of limitations as to any amount due upon the mortgage. This was evidently the view taken by the court in *Cheney v. Campbell*, 28 Nebr.; 376, and to our minds is the only conclusion which comports with reason and well-established legal principles.

We recommend that the decree of the district court be reversed and the case remanded with directions to enter a decree in favor of the intervener, foreclosing his mortgage for the amount due upon the note for $50, and dismissing his petition so far as it asks a foreclosure for the amount due upon the note for $150.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the case remanded with directions to enter a decree in favor of the intervener, foreclosing his mortgage for the amount due upon the note for $50, and dismissing his petition so far as it asks a foreclosure for the amount due upon the note for $150.

REVERSED AND REMANDED.