F. W. YEADON, Appellant, v. FARMERS ELEVATOR OF SCRANTON, Appellee.

No. 44101.

FEBRUARY 15, 1938.

Hird & Cudahy and Howard & Bolte, for appellant.

Wilson & Harris, for appellee.

RICHARDS, J.—On August 21, 1936, plaintiff, holder of a promissory note, brought thereon this action at law against defendant, an endorser. The material portion of the note is the following:

"500.00        Scranton, Iowa,        Dec. 31, 1919

"Sixty days after date for value received I promise to pay to the order of Farmers Elevator Co., at the Farmers Merchants Bank, Scranton, Iowa, Five hundred dollars only - - - - dollars with interest at the rate of 8 percent from Date. Interest payable annually. Principal and interest to draw 8 percent after becoming due. * * *

                                 "Harley E. Jackson."

Plaintiff alleges that no part of the principal or interest of the note has been paid or satisfied. Two counts appear in the petition.

In count 1 it is alleged that there matured and became due, as interest upon the note as therein provided, the sum of $40 for the interest due January 1, 1927, and like amounts for the interest due January 1, 1928, and January 1, 1929, being 3 items of $40 each, and that each of these items drew interest at 8 per cent, making an aggregate sum of $203.19 for which amount with 8 per cent interest from August 31, 1936, judgment was demanded.

In count 2 it is alleged that there matured and became due on said note, as therein provided, for the interest due on the first day of January of each of the years 1930 to 1936, inclusive, the sum of $40, being 7 such interest items of $40 each, and that these items drew 8 per cent interest, the aggregate amount being $362, for which judgment was demanded with 8 per cent interest from August 31, 1936.

To each count defendant demurred on the ground that such count showed on its face that the action is based on a promissory note, and that all action on said note or for interest on said note became barred by the statute of limitations of this state on March 1, 1930, before the commencement of the instant action. The demurrers were sustained as to both counts, and, plaintiff refusing to plead further, judgment was rendered against him and therefrom he has appealed.

Section 11007, Code 1935, provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared: * * * 6. Those founded on written contracts, * * * within ten years."

Although the cause of action upon the note in suit accrued on March 1, 1920, and the statute in terms limited the time for action thereon to ten years thereafter, or until March 1, 1930, plaintiff contends that nevertheless this action was properly brought on August 21, 1936, to recover items of interest specified in the petition. Plaintiff's argument in that respect is founded on his general statement or assumption that "a promise to pay interest, although connected with the same contract to pay the principal debt, constitutes a separate and distinct cause of action." From such premise laid down by plaintiff he concludes that each of the interest items found in count 1 of the petition accrued as a separate and distinct cause of action before the principal debt was barred, and within 10 years before the beginning of this action. As to the interest items found in count 2, which are alleged to have accrued after the principal debt was barred, plaintiff says that because the statute of limitations is but a statute of repose, and does not pay or cancel the debt, interest will continue to accrue on such debt, according to the contract, until the debt is actually paid or cancelled, no matter for how long it may be. It should be added that as an element of his contention plaintiff interprets the words "Interest payable annually" as having reference to interest accruing under the provision, "Principal and interest to draw eight percent after maturity." Without deciding, we will treat this controversy as though such interpretation were found to be fully warranted.

When a promissory note contains an agreement to pay interest on the principal at stated times, as annually or semi-annually, during the interval that *precedes* the due date of the principal, a cause of action for recovery of the interest may arise, separate and distinct from one for recovery of the principal. The reason is that by their agreement in such case the parties have made this interest, when it matures, not simply an incident of the debt, but, pro tanto, the debt itself. Hershey v. Hershey, 18 Iowa 24. But in the instant case there can be no claim that the alleged interest items matured before the principal had become due and payable. So it is obvious that as to the interest in the instant case there can be no argument, based upon the reasons supporting the holding in the cited case, to sustain the contention that the parties contemplated that the interest would be something else than an incident to the principal debt. But there still remains for consideration the general proposition that

regardless of relative dates of maturities it was of course within the province of the parties to agree to so sever the promises to pay the installments of interest from the promise to pay the principal as to make each separate and independent of the other. Des Moines Sav. Bank & Trust Co. v. Littell, 209 Iowa 22, 227 N. W. 503. But although the parties could have so agreed, we do not find in the note before us or in the circumstances of the transaction any sound reason for holding that there was such a severance, or one intended. What is relied on by plaintiff, namely, the provision that the interest accruing after maturity should be payable annually, is quite reasonably referable to an intent often found in instruments constituting a promise to pay money; that is, an intent to add a penalty by fixing rests that cause increased accumulation of interest during the time the note may be in default after maturity, and it seems to us that it would be far-fetched, perhaps whimsical, to hold that this provision, without more, was an agreement to abrogate the rule of law proscribing the breaking up of a cause of action. And upon nothing additional to such provision can plaintiff rely. There are before us none of the matters considered in the cited Littell case as sufficient to establish a severance of the promise to pay the installments of interest from the promise to pay the principal. For in that case reliance for the conclusion that the parties intended a severance was upon circumstances associated with the giving of a mortgage and note and separate coupon notes for the interest. No such facts or circumstances are in the record before us. There was in the case at bar but one instrument promising to pay a stated amount with interest payable annually. Finding nothing in the record to warrant holding that after maturity of the note the accruing interest constituted severed or separate causes of action arising from time to time, and the statute of limitations having run against the note, it is our opinion that the trial court properly sustained the demurrers. The judgment from which is this appeal is affirmed. —Affirmed.

STIGER, C. J., and MITCHELL, SAGER, DONEGAN, KINTZINGER, HAMILTON, MILLER, and ANDERSON, JJ., concur.