### SHERMAN L. TROUP AND ANOTHER v. JACK ROZMAN, INDIVIDUALLY AND AS COPARTNER d. b. a. GOPHER BAG COMPANY.

174 N. W. (2d) 694.

January 30, 1970—No. 41709.

*Charles Rubenstein* and *Robert J. Milavetz,* for appellants. *Irwin Ketroser,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Graff, JJ.

ROGOSHESKE, JUSTICE.

Plaintiffs appeal from a judgment in favor of defendant and from a denial of their motion for a new trial.

The issue presented is whether defendant's obligation under a non-negotiable promissory note to pay a percentage of profits in lieu of interest is barred by the statute of limitations where

full payment of the principal of the note occurred more than 6 years prior to the commencement of this action to recover unpaid profits. The trial court held plaintiffs' claim barred, and we affirm.

On January 2, 1953, defendant, Jack Rozman, and his partner, now deceased, executed a promissory note,[1] individually and as copartners in Gopher Bag Company, in the amount of $5,144 payable on demand to plaintiffs, Sherman L. Troup and Arnold Dobrin. In addition to payment of principal and in lieu of interest, the note called for payment of 20 percent of the net profits

---

[1] "$5,144.00                                    January 2, 1953

"For Valuable Consideration, the receipt and sufficiency of which is hereby acknowledged, the undersigned, Jack Rozman and Leo Ketroser, individually and as co-partners doing business as Gopher Bag Company, hereby promise to pay on demand to the order of Sherman L. Troup and Arnold Dobrin at 1822 Plymouth Avenue, North, Minneapolis, Minnesota, the sum of $5,144.00.

"The undersigned further agree to use the money advanced by the payee, which advance is evidenced by this promissory note, in the business conducted by the undersigned as partners doing business as Gopher Bag Company, and that in lieu of interest on the aforesaid indebtedness but in addition to payment of the principal sum aforesaid, they shall pay to the order of said Sherman L. Troup and Arnold Dobrin twenty per cent (20%) of the net profits of the business operated by them as partners under the trade name Gopher Bag Company for so long as any part of said indebtedness of $5,144.00 or any share of the profits to which payees are entitled hereunder remains unpaid. Net profits shall be computed after deducting salaries of $100.00 per week to each of said Jack Rozman and Leo Ketroser. Said share of profits shall also be payable on demand for the period from the date hereof to the date of such demand.

"Nothing herein contained shall render the payees, or any holder hereof, partners of the undersigned, not constitute the undersigned agents of the payees, or any holder hereof, for any purpose. This note shall be construed to conform with the provisions of M. S. A. Section 334.06.

"This promissory note is secured by a chattel mortgage of even date herewith covering certain fixtures and equipment located at the

of the business operated under the trade name of "Gopher Bag Company" for "so long as any part of" the principal debt "or any share of the profits to which the payees [were] entitled * * * remain[ed] unpaid." Although both obligations to pay the principal and to pay a percentage of the net profits were payable on demand, the makers made periodic payments in varying amounts on the principal commencing on August 15, 1956. After five such payments during 1956 and 1957, a final payment paid the principal debt in full on July 15, 1958. No payments of a percentage of the profits were ever made, and up until a few months before the commencement of this action on April 29, 1966, plaintiffs made no demand for payment of profits. This action seeks recovery of over $6,000 claimed owing as plaintiffs' share of the net profits from April 30, 1960, to February 28, 1964, when the partnership went out of business.

The statute of limitations runs from the date the cause of action accrues. Minn. St. 541.01. A cause of action against the maker of a demand note accrues on the date of the note unless a contrary intention is shown on the face of the note, In re Estate of Nygren, 188 Minn. 612, 248 N. W. 215, and an action on the note is barred unless brought within 6 years of its date. Minn. St. 541.05. However, voluntary part payment of a subsisting debt sets the statute of limitations running afresh as to the balance. Bernloehr v. Fredrickson, 213 Minn. 505, 7 N. W. (2d) 328.

Since more than 6 years elapsed between July 15, 1958, the date of the last payment on the note, and April 29, 1966, the date of the commencement of this action, a claim for the principal

---

premises of GOPHER BAG COMPANY at 114 North Second Street, Minneapolis, Minnesota.

"/s/ Jack Rozman
Jack Rozman
/s/ Leo Ketroser
Leo Ketroser
individually and as co-partners
d. b. a. Gopher Bag Company."

debt, if plaintiffs had any, would clearly be barred—as plaintiffs concede. Plaintiffs also concede that although profits were earned and not paid for the fiscal years commencing February 28, 1958, and ending February 28, 1964, all claims for profits accruing more than 6 years prior to the commencement of this action are also barred.

The question thus narrows to whether the statutory bar to any action to recover the principal debt also bars claims to a percentage of profits earned and unpaid from April 30, 1960, to February 28, 1964.

Plaintiffs argue that the promise to pay the principal and the promise to pay a percentage of the profits were intended by the parties to be separate and distinct promises, and that the latter obligation continued after the principal indebtedness was paid and so long in the future as the business of the makers continued to operate and earn a net profit. We believe that such a construction of the note is strained and unreasonable, for it disregards the language which made a percentage of the profits a substitute for the payment of any interest. Except for plaintiffs' argument, based solely upon their interpretation of the language of the note which was drafted by them, there is no evidence which would support a finding that the parties intended separate and distinct obligations in the sense that the obligation to pay profits continued to accrue for as long as the business of the makers continued to operate without regard to the length of time or to when the principal was paid. In our opinion, because the provision concerning profits was in lieu of interest, a more reasonable construction is that the parties intended the obligation to pay profits to accrue only during the period that any part of the principal debt remained unpaid. Indeed, the utter failure to specify a time or period for the payment of profits could support an argument by the makers that, absent any demand, the obligation to pay profits did not accrue until the day upon which the principal debt was paid. Like an ordinary provision for the payment of interest on the principal, and perhaps even more than such a provision,

the obligation to pay profits was incidental to the obligation to pay the principal and was intended to serve as an inducement to accelerate the payment of the principal.

Accordingly, we hold that the trial court correctly concluded that the running of the statute of limitations against any claim for principal barred plaintiffs' suit for profits. Cf. Yeadon v. Farmers' Elevator, 224 Iowa 829, 277 N. W. 709, 115 A. L. R. 725.

Affirmed.