IGNATZ A. LAMMERS, APPELLEE, v. JEROME B. LAMMERS, APPELLANT.

229 N. W. 2d 555

Filed May 22, 1975. No. 39786.

Jewell, Otte, Gatz & Collins, for appellant.

Robert G. Scoville of Ryan, Scoville & Uhlir and P. F. Verzani, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The plaintiff, Ignatz A. Lammers, is the father of the defendant, Jerome B. Lammers. On March 1, 1951, the defendant and his brother, Reinold A. Lammers, entered into a contract with the plaintiff to purchase approximately 1,120 acres of land owned by the plaintiff. The contract price was $69,300 of which $1 was paid upon execution of the contract. The balance was to be paid in annual installments equivalent to the annual rental value of the land.

This action was filed March 24, 1966, to recover possession of the property, for a declaratory judgment that the contract had been canceled and rescinded, and for an accounting of the rents and profits from the land since 1954.

The case was tried in 1968. The trial court found the contract to purchase had been abandoned by the parties in 1954 and that the defendant had farmed the land

since that time as a family farm or as a tenant. The trial court further found the plaintiff was entitled to an accounting of rents and profits since 1962 and that the defendant was indebted to the plaintiff in the sum of $22,929.04. The defendant has appealed. There is no cross-appeal.

The defendant's theory of the case was that the contract to purchase had never been rescinded or canceled; that the plaintiff and his wife had entered into an agreement with the defendant in which the defendant was to provide a home for them and the amounts expended by the defendant pursuant to that agreement were accepted by the plaintiff as payment in full of all interest due under the land contract; and that the defendant was ready to perform the contract to purchase by payment of the principal amount due under the contract.

The evidence does not sustain the defendant's theory of the case. The only testimony concerning the alleged agreement of the defendant to provide a home for the plaintiff and his wife came from the defendant. The defendant's testimony in this regard was not corroborated by the other facts and circumstances in the record. The plaintiff testified there was no such agreement.

The plaintiff further testified that in 1954 the defendant told the plaintiff he and Reinold would have to give up the agreement. The defendant stayed on the farm and kept on farming but did not account for the rents and profits.

The defendant's brother, Reinold, left the farm in 1957. At that time he assigned his interest in the personal property to the defendant.

In 1965, the defendant told Cyril Becker, a brother-in-law, that the defendant was farming the property as a family farm. The same statement was made to Florene Burbach, another brother-in-law.

In 1965, the plaintiff distributed the property among his children by conveying remainder interests in specific tracts to each child, reserving a life estate in himself.

In this distribution the defendant received the remainder interest in an 80-acre tract subject to a charge in favor of another child. At about this time the defendant executed a 1-year written farm lease covering a tract that had been deeded to two of the girls. The lease provided the defendant would pay rent to the plaintiff and promptly "yield up possession" of the premises at the expiration of the term.

In 1966, Reinold executed a quit-claim deed of the land to the plaintiff. The defendant did not obtain an assignment of Reinold's interest in the contract to purchase until 1967. The evidence sustains the finding that the contract to purchase was canceled and rescinded in 1954 and the plaintiff was entitled to possession of the property.

With respect to the accounting, the plaintiff conceded the statute of limitations barred any recovery prior to 1962. The defendant contends the plaintiff is barred from any recovery by laches. Where the obligation is clear and its essential character has not been changed by lapse of time, equity will enforce a claim of long standing as readily as one of recent origin, especially between the immediate parties to the litigation. Uptegrove v. Elsasser, 161 Neb. 527, 74 N. W. 2d 61. Where there has been no material change in the defendant's position, laches is not a defense.

The trial court found the rental value of the land from 1962 to 1969 was $7,000 per year. This finding has adequate support in the record. The defendant was given credit for payments to or on behalf of the plaintiff in the amount of $9,998.04 plus the amounts collected by a receiver and a note held by the receiver. We find no basis in the record upon which to disturb this finding.

The judgment of the District Court is affirmed.

AFFIRMED.