ELEANOR BECKER, ADMINISTRATRIX OF THE ESTATE OF MARY LAMMERS, DECEASED, APPELLEE, V. JEROME B. LAMMERS, APPELLANT.

229 N. W. 2d 557

Filed May 22, 1975. No. 39785.

David A. Domina of Jewell, Otte, Gatz & Collins, for appellant.

Robert G. Scoville of Ryan, Scoville & Uhlir and P. F. Verzani, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

This was an action filed November 8, 1966, by the administratrix of the estate of Mary Lammers, deceased, upon a promissory note signed by the defendant and Reinold A. Lammers, his brother. The note was dated March 1, 1950, and was in the amount of $16,262. The note was payable in annual installments of $500 commencing March 1, 1951, and contained an acceleration clause, at the option of the owner, in the event of default in any payment.

Payments of $500 on March 1, 1951, and March 1, 1952, were endorsed on the back of the note. The petition alleged no other payments had been made and declared the entire balance due except as to payments due in 1961 and prior years.

The answer admitted the execution and delivery of the note but alleged payment and that the action was barred by the statute of limitations.

The trial court found that all payments due before November 8, 1961, were barred by the statute of limitations, but the plaintiff was entitled to recover $15,564.40 plus interest from May 8, 1969. The defendant has appealed.

The note was given as a part of a transaction in which the defendant and his brother contracted to purchase approximately 1,120 acres of land owned by their father together with farm machinery, grain and a half-interest in livestock owned by their mother. The note represented the consideration for the sale of farm machinery, grain and interest in livestock except for a downpayment of $100.

This case involved some of the same issues and was consolidated for trial with Lammers v. Lammers, *ante* p. 836, 229 N. W. 2d 555.

The defendant's claim of payment was based upon the contention that he had agreed to provide a home for his parents and his performance of that agreement had satisfied the obligation of the note in full. That contention and his claim of laches are discussed and decided adversely to the defendant in Lammers v. Lammers, *supra*. As to these issues the decision in that case is controlling here.

The remaining contention is that the entire amount due on the note is barred by the statute of limitations because the payee could have elected to declare the entire amount due upon the first default by the makers. The argument is by analogy from the rule applicable to demand notes. However, a different rule is applicable to installment notes containing an optional acceleration clause.

When the acceleration provision of an installment note is optional with the holder of the note, the statute of limitations commences to run upon each installment as it becomes due in the absence of an effective declaration that the entire amount is due. See, Nares v. Bell,

66 Neb. 606, 92 N. W. 571; 12 Am. Jur. 2d, Bills and Notes, § 1047, p. 60; Annotation, 161 A. L. R. 1211.

In this case the option to declare the entire amount due was not exercised until the petition was filed. The judgment of the District Court was correct and it is affirmed.

AFFIRMED.