Laron E. HONN, Respondent,

v.

NATIONAL COMPUTER SYSTEMS,
INC., Defendant,

Melvin C. Gittleman, et al., Appellants.

No. 81–468.

Supreme Court of Minnesota.

Oct. 16, 1981.

O'Connor & Hannan, and Frank J. Walz and David Kelley, Minneapolis, for appellants.

Bergman, Street & Ulmen, Minneapolis, for respondent.

PETERSON, Justice.

This appeal arises out of an action brought by respondent Laron E. Honn against appellants Melvin C. Gittleman, Rochelle Gittleman and The Melco Investment Company, alleging failure to pay the interest and principal on a promissory note, as modified by a settlement and later agreement. The district court rejected the statute of limitations defense raised by appellants and ordered judgment in favor of respondent. Because we disagree with the district court's handling of the statute of limitations defense, we affirm in part, reverse in part, and remand.

Respondent originally brought suit in 1966 to recover $20,000 plus interest on a promissory note dated March 4, 1964, and allegedly executed by National Computer Systems, Inc. and guaranteed by appellants. In May 1967, respondent and appellants entered into a settlement whereby appellants agreed to pay respondent $15,000 in annual installments of $1,500 plus 6% annual interest beginning May 15, 1968. The settlement authorized respondent to enter judgment against appellants in the event of default. Appellants failed to pay both the initial annual installment due May 15, 1968,

and the second installment due May 15, 1969.

The settlement was modified by a letter dated June 2, 1969, from Melvin C. Gittleman to respondent, in which Gittleman agreed to pay respondent $100 per month on the 25th day of each month beginning in June 1969. He further agreed to pay in full the remaining principal ($14,800) and interest computed at 8% on June 25, 1976. Gittleman enclosed a $200 payment.

Appellants failed to make any further payments pursuant either to the original settlement or the settlement as modified. Respondent subsequently brought this action in Hennepin County District Court in August 1979. The district court ordered judgment in favor of respondent in the amount of $24,288.22 with interest at 8% from June 20, 1976. Appellants now appeal to this court.

The settlement agreement provided for $100 monthly installment payments over a 7-year period and a final balloon payment of the unpaid balance of $14,800 plus interest at the end of the 7-year period. Appellant defaulted on all payments after the date of the agreement. We must determine at what point the applicable statute of limitations began to run.

Minn.Stat. § 541.05, subd. 1(1) (1980), establishes a 6-year statute of limitations for actions upon a contract. Respondent brought this action in August 1979. Appellants contend that the action is barred because the settlement agreement authorizes respondent to enter judgment against appellants upon default, and thus the 6-year limitations period began running on June 25, 1969, when appellants defaulted on the first $100 monthly payment. The district court held that respondent's action was timely because the 6-year limitations period began running on June 25, 1976, when the balloon payment of $14,800 was due.

■ We reject both the approach accepted by the district court and the approach suggested by appellants. Where a money obligation is payable in installments, the general rule is that a separate cause of

action arises on each installment and the statute of limitations begins to run against each installment when it becomes due. 18 S. Williston, A Treatise on the Law of Contracts § 2026C (3d ed. 1978); 4 A. Corbin, Contracts § 951 (1951); 51 Am.Jur.2d *Limitation of Actions* § 133 (1970); 54 C.J.S. *Limitations of Actions* § 156 (1948); Annot., 82 A.L.R. 316 (1933). We have followed this general rule in analogous situations. *See, e. g., Dent v. Casaga*, 296 Minn. 292, 208 N.W.2d 734 (1973) (10-year statute of limitations runs independently and separately against each installment of child support payments); *Township of Normania v. County of Yellow Medicine*, 205 Minn. 451, 286 N.W. 881 (1939) (6-year statute of limitations runs against each ditch assessment installment).

■ The general rule is operative even though the settlement agreement contains an optional acceleration provision. Where the creditor has the option of declaring all installments payable in the event of default on a single payment, and the creditor fails to exercise the option when the debtor defaults, the rule that each installment carries its own limitations period still applies. 18 S. Williston, A Treatise on the Law of Contracts § 2027 (3d ed. 1978); 4 A. Corbin, Contracts § 951 (1951); 51 Am.Jur.2d *Limitation of Actions* § 133 (1970); 54 C.J.S. *Limitations of Actions* § 150 (1948); Annot. 161 A.L.R. 1211 (1946). It is only where the acceleration provision of the contract provides that payment of the entire debt upon default is automatic, or where the acceleration provision is optional and the creditor unequivocally exercises the option, that a different rule might apply; in those cases it is sometimes held that the statute of limitations begins to run immediately upon default. *See* authorities cited *supra*. In this case, respondent had the option of accelerating payment; the settlement agreement provided respondent with the "right to take judgment" against appellants in the event of default. Appellants do not allege that this clause is automatic upon default or that respondent in fact exercised his right after default. Since the option is intended solely for the benefit of the creditor, if the credi-

tor fails to take advantage of the option, it is not self-executing to the creditor's detriment with respect to the running of the statute of limitations. *See, e. g., Chase National Bank of City of New York v. Burg*, 32 F.Supp. 230 (D.Minn.1940); *Becker v. Lammers*, 193 Neb. 839, 229 N.W.2d 557 (1975); *Frenzel v. Frenzel*, 260 Iowa 1076, 152 N.W.2d 157 (1967).

Furthermore, the general rule applies even though the settlement agreement contains a final "balloon payment" provision. A similar situation arose in *Toomey v. Cammack*, 345 A.2d 453 (D.C.1975). In that case the debtor executed three promissory notes in 1963 and agreed to pay $350 monthly installments. A "balloon payment," consisting of the balance of principal ($6,000) with accrued interest, was due December 18, 1970. The court held that the statute of limitations barred the holders of all those installments which became due more than 3 years (the applicable limitations period) before the action was brought. However, the court held the balloon payment along with the installments due within the preceding 3-year period were not barred by the statute of limitations.

Applying the 6-year statute of limitations and the rule that each installment payment carries its own statute of limitations, we hold that respondent's claim for the monthly payments which fell due through July 25, 1973, is barred by Minn.Stat. § 541.05, subd. 1(1) (1980). We further hold that respondent's claim for the payments due after July 25, 1973, is timely and should be allowed.

The order and judgment of the district court is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded.

AMDAHL, J., took no part in the consideration or decision of this case.