**UNITED STATES of America, Plaintiff,**

v.

**Joseph L. BRICHAT, et al., Defendants.**

**Bankruptcy No. 90–4106–R.**

United States District Court,
D. Kansas.

June 14, 1991.

Jackie A. Rapstine, U.S. Attorney's Office, Topeka, Kan., for plaintiff.

Russ B. Anderson, Emporia, Kan., Stanley R. Ausemus, Emporia, Kan., Lyle Koenig, Hebron, Neb., Dan E. Turner, Phillip L. Turner, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is a mortgage foreclosure action which is now before the court upon cross-motions for summary judgment. The main issue raised in the motions is whether the plaintiff is barred by the statute of limitations from proceeding with this action. There is no material factual dispute.

Plaintiff, acting through the Farmers Home Administration (FmHA), made a loan of $65,000.00 to defendant Joseph L. Brichat in 1979. The loan was secured by a security interest in a quarter section of land in Cloud County, Kansas. Defendant is in default upon the loan. His last payment was made on August 4, 1982. Under the loan agreement, the government has the option to accelerate the loan if defendant fails to pay his indebtedness when due.

On March 23, 1983, a FmHA official wrote defendant a letter which stated:

> Your loan docket has been submitted to this office for my review and servicing action. According to our records, you have been unable to make adequate payments on your loan and it is delinquent. Prior to taking legal action to collect your loan, I am writing you to give you further opportunity to retain your farm by making payment or to take one of the voluntary actions listed below.
>
> 1. Make satisfactory arrangements immediately with Theodore C. Samuelson, FmHA County Supervisor, Concordia, Kansas, to bring your account *current*. You need to pay $6,043.00.

Borrowers who are in default according to the terms of their note, mortgage, or security agreement may have their accounts liquidated: however, "borrowers may inquire about the following servicing options:"

> (a) Consolidation: Combine and reschedule the rates and terms of similar loans made for operating purposes.
>
> (b) Reschedule: Rewrite the rates and/or terms of loans made for operating purposes.
>
> (c) Reamortization: Rearrange loan installments.
>
> (d) Defer: Postpone the payment of part of a loan installment.
>
> 2. Sell the property for cash and pay your loan in full.
>
> 3. Refinance the FmHA debt with another lender.
>
> 4. Transfer the loan and the property to an eligible or an ineligible applicant with FmHA approval.
>
> 5. Convey the property to the government, if title is merchantable.
>
> By a copy of this letter, I am informing your County Supervisor of this request. Please contact Mr. Samuelson if you de-

sire to satisfy your loan by one of the above methods.

If you fail to make satisfactory arrangements with the County Supervisor by April 15, 1983, your case will be referred to the State Director with the recommendation that legal action be taken.

Defendant has stated in a sworn affidavit that before and after he received this letter, he had oral conversations with officers of FmHA to the effect that if defendant could not bring his loan current, then he would have to sell the land or the FmHA would foreclose the loan. Defendant further stated that he tried to sell the land in 1983 and was certain at that time that FmHA would bring a foreclosure action if he did not sell the farm.

On August 24, 1983, FmHA told plaintiff, "If you do not get the farm sold in the near future, you should consider conveyance to avoid foreclosure." On September 6, 1983, plaintiff was warned by FmHA with regard to delinquent taxes, "If your delinquent taxes are not paid, you are advised you are in violation of your mortgage, and your account will be reviewed for collection via other servicing procedures." The following month, defendant was advised by FmHA to make contact regarding "payments and getting the farm sold." FmHA told defendant, "We will be forced to start legal action if we cannot reach an agreement on the above."

On December 20, 1983, defendant filed a Chapter 13 bankruptcy in this district. On January 4, 1984, an automatic stay was entered by the bankruptcy court as provided in 11 U.S.C. § 362(a). The stay extended to "the commencement or continuation, including the issuance or employment of process, of a judicial ... proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case ..." 11 U.S.C. § 362(a)(1). Defendant remained in bankruptcy until at least May 15, 1984 when confirmation of defendants' plan was denied. On June 21, 1984, defendant filed another bankruptcy action in the Northern District of Texas and remained in bankruptcy until August 27, 1984.

On January 30, 1984, plaintiff filed a Proof of Claim in defendants' Kansas bankruptcy asserting a secured claim in the amount of $75,768.21 with daily interest of $15.9284 after December 20, 1983.

On June 17, 1986, FmHA sent defendant a "NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARMERS HOME ADMINISTRATION AND DEMAND FOR PAYMENT OF THAT DEBT." The notice states that the "entire indebtedness" on the loan "is now declared immediately due and payable."

On November 29, 1988, defendant prepared and signed an application for FmHA services. The application lists farm liabilities owed to "FHA" totalling $108,000.00.

This case was filed on May 30, 1990.

■ It is agreed by the parties that a six-year limitations period provided in 28 U.S.C. § 2415 governs this action. "Before the limitations period begins to run, a lender must, at least, have invoked the acceleration clause in the loan agreement." *U.S. v. Feterl*, 849 F.2d 354, 356 (8th Cir.1988) citing, *U.S. v. Gilmore*, 698 F.2d 1095, 1097 (10th Cir.1983). The statute also provides that "in the event of later partial payment or written acknowledgement of debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment." Section 2416(b) of Title 28 further provides that all periods of time during which "the defendant is exempt from legal process because of infancy, mental incompentence, diplomatic immunity, or for any other reason" are excluded for the purpose of computing the limitations period in § 2415.

■ Defendant contends that plaintiff "accelerated" the loan in 1983 with the above-described written and verbal statements regarding selling or conveying the farm. Courts seldom *imply* acceleration from words or conduct.

Because acceleration clauses are generally for the benefit of the creditor, courts tread lightly on the creditor's freedom to decide whether acceleration is immediately necessary upon the occurrence of a default. *See American Jet*

*Leasing v. Flight Amer., Inc.,* 537 F.Supp. 745, 748 (W.D.Va.1982). Therefore, acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention and no doubt that the borrower is apprised that the option has been exercised. *Id.* at 748–49. *U.S. v. Feterl, supra,* 849 F.2d at 357; see also, *U.S. v. LaFrance,* 728 F.Supp. 1116, 1120–21 (D.Del.1990); *U.S. v. Boozer,* 732 F.Supp. 20, 22 (N.D.N.Y.1990) (acceleration requires notice of election or unequivocal overt act such as filing a foreclosure suit) (citing *United States v. Alessi,* 599 F.2d 513 (2d Cir.1979) (per curiam)).

We agree with plaintiff that the letters written to and conversations with defendant in 1983 should not be construed as acceleration of the loan such that the plaintiff's cause of action accrued at that time. These communications evince a desire that defendant "bring his account current" or that he sell or convey the farm if he could not pay what he owed at that time. Plaintiff suggested that foreclosure was an option if payment or conveyance could not be accomplished. But, the statements fall short of notifying defendant that, because of his default, the entire amount of the loan was now due. We do not believe the statements should be construed as accelerating the loan.

■ Defendant also argues that plaintiff accelerated the loan when the proof of claim was filed in bankruptcy court on January 30, 1984. Assuming that filing the proof of claim was tantamount to acceleration, the period while the bankruptcy stay was in effect should not be counted in the limitations period, pursuant to § 2416(b). See *Hines v. U.S.,* 760 F.Supp. 549, 554 (D.S.C.1991) ("an injunction or certain other legal proceedings which prevent one from exercising his legal remedy against another can be held to toll the operation of the statute of limitations"). If the period while the bankruptcy stay was in effect is not counted, then this action was commenced within six years of the filing of the proof of claim. Therefore, this action was timely filed, even if filing the proof of claim is treated as acceleration.

Finally, defendant has not answered plaintiff's claim that defendant acknowledged his debt to plaintiff when he made an application for FmHA services in 1988. With this acknowledgement, plaintiff's right of action accrues again. 28 U.S.C. § 2415(a). On the basis of this acknowledgement, this action may be considered timely filed regardless of the defendants' other arguments.

For the above-stated reasons, plaintiff's motion for partial summary judgment is granted, and defendants' motion for summary judgment is denied. Plaintiff is directed to compose a journal entry of judgment in this case for signature.

IT IS SO ORDERED.