**AMERICAN STATE BANK AND TRUST COMPANY OF WILLISTON,**
Plaintiff and Appellee,

v.

Tom **SORENSON,** Defendant
and Appellant.

Civ. No. 950093.

Supreme Court of North Dakota.

Oct. 31, 1995.

**60**

Bjella, Neff, Rathert, Wahl & Eiken, PC, Williston, for plaintiff and appellee; argued by Al Wahl.

Anseth and Johnson, Williston, for defendant and appellant; argued by LaRay Anseth Johnson.

MESCHKE, Justice.

Tom Sorenson appealed from a summary judgment for American State Bank & Trust Company of Williston (Bank) on a promissory note. We affirm.

On July 8, 1985, Sorenson and his wife, Joni, executed a promissory note for $29,-150.74 to the Bank that employed Joni. The Sorensons agreed to pay $400 monthly for three years, and to make a balloon payment of $25,339.38 on July 5, 1988. The Sorensons secured the note with their 1982 Rollohome and 1981 car. The Sorensons' note authorized the Bank: "If I am in default on this note, you may: (a) accelerate the due date of

the note total, making all sums immediately due.... If you do not elect any remedy upon an event of default, you do not thereby waive your right to later consider the event as a default if it continues or recurs."

The Sorensons failed to pay monthly installments before April 1, 1987. They then surrendered the collateral to the Bank and made no further payments. The Bank sold the car and applied the proceeds to the debt on April 1, 1987, leaving a balance of $25,985.38. On July 15, 1988, ten days after the note matured, the Bank applied the proceeds from the sale of the Rollohome, reducing the balance due to $17,985.38.

The Sorensons later divorced. The Bank sued Tom Sorenson on May 3, 1994 to collect the principal balance and interest. Joni Sorenson, who still works for the Bank, was not made a defendant. Tom Sorenson was served with the summons and complaint on June 14, 1994, and he answered on July 7, 1994, alleging a six-year statute of limitations barred the Bank's claim.

The Bank moved for summary judgment. The trial court granted the motion and entered summary judgment against Sorenson for $32,419.94. Sorenson appeals.

■ Sorenson argues summary judgment was improper because there was a genuine issue of material fact about whether the Bank accelerated the note by its conduct in taking possession of, and selling, the collateral. Acceleration is key to Sorenson's defense because, as he argues, if the Bank accelerated the note before April 1, 1987, the six-year statute of limitations in NDCC 28–01–16(1) would bar this suit commenced over seven years later.

■ A trial court should only grant summary judgment under NDRCivP 56, viewing the evidence in the light most favorable to the resisting party, if there are no genuine issues of material fact and no conflicting inferences that can reasonably be drawn from undisputed facts. *Roen Land Trust v. Frederick*, 530 N.W.2d 355, 357 (N.D.1995). Summary judgment is appropriate if the only questions to be decided are questions of law. *Id.* As we explained in *Hummel v. Mid Dakota Clinic, P.C.*, 526

N.W.2d 704, 707 (N.D.1995), once the movant initially shows the absence of a genuine issue of material fact by affidavit or admissible evidence, the responding party must present other competent evidence to dispute a material fact, and cannot rely on mere allegations or denials in the pleadings to dispute a material fact.

Sorenson argues that the Bank accelerated the note "when they took possession of all the collateral, sold it, retained the proceeds therefrom and made no further contact with [him]." Sorenson failed to raise this argument in the trial court, the Bank replies. Yet Sorenson clearly did raise it, in his trial court brief opposing the motion for summary judgment, by arguing: "[Sorenson] further states that by accepting the keys to the mobile home and the car prior to April 1, 1987 and after the note was delinquent that [the Bank] in effect accelerated the note...."

Sorenson argues that acceleration by conduct is a "question of material fact which would render a summary judgment inappropriate." In this case, we disagree.

The Bank met its initial burden of proving the material facts through the affidavit of Assistant Vice President Garth Sjue:

Payments were made by or on behalf of [Sorenson] but prior to April 1, 1987, he had defaulted in the monthly payments and in March of 1987 had moved out of the mobile home. The automobile and mobile home were repossessed. The automobile was sold leaving a balance on the loan prior to July 15, 1988 of $25,985.38. The mobile home was sold and the proceeds from that were applied on the loan on July 15, 1988. Following their application of the sale proceeds from the mobile home, a principal balance of $17,985.38 was left. At no time prior to the due date of the loan on July 5, 1988, was the loan accelerated....

Sorenson's brief opposing summary judgment responded, "by accepting the keys to the mobile home and the car prior to April 1, 1987 and after the note was delinquent that [the Bank] in effect accelerated the note...." But conclusory statements in

briefs do not effectively dispute material facts. *Kemp v. City of Grand Forks,* 523 N.W.2d 406, 408 (N.D.1994) ("Factual assertions in a brief do not raise an issue of material fact satisfying Rule 56(e)."); *First Nat'l Bank of Hettinger v. Clark,* 332 N.W.2d 264, 268 (N.D.1983) ("The above-quoted statements from the Clarks' motion brief are mere conclusions and not evidence which would support or establish a factual issue."). Sorenson's assertions in his brief to the trial court were ineffective conclusions, and not competent evidence.

Sorenson's opposing affidavit did not directly dispute any facts stated in Sjue's affidavit. Nor did Sorenson's affidavit set forth any additional facts that tended to show the Bank accelerated the note. Rather, Sorenson's affidavit simply repeated that he "turned over to the [Bank] the 1982 Rollahome and the 1981 Pontiac automobile ... by turning over the keys to the [Bank] on or before April 1, 1987" and that "no payment was made on the notes after the property was turned over...." *See Production Credit Ass'n v. Davidson,* 444 N.W.2d 339, 346 (N.D.1989) (responding party's failure to present relevant evidence "implicitly leaves the presumption that no such evidence exists"). Sorenson has failed to meet his burden of presenting competent evidence to dispute a material fact about acceleration.

■ Sorenson also alleges that an attorney for the Bank failed to supply him with copies of its records, and that "[t]his information would be necessary to determine when the note was accelerated and also what amounts were received from the sale of the collateral and whether or not proper credit was given on the note." However, Sorenson did not employ NDRCivP 56(f) to request a continuance for further discovery to obtain more evidence to oppose the motion. *See Hummel,* 526 N.W.2d at 708 ("The possibility that discovery will yield evidence favorable to a party opposing summary judgment is not a ground to deny summary judgment where the party opposing the motion has failed to specifically invoke Rule 56(f) procedures."). Sorenson cannot now rely on his failure to obtain and to submit other evidence as a basis for asserting that a genuine issue of material fact must exist.

■ Without a dispute of material fact, the trial court faced only a question of law on whether the statute of limitations barred the Bank's claim. Applying law explained in *Honn v. National Computer Systems, Inc.,* 311 N.W.2d 1 (Minn.1981), the trial court determined the period of limitations does not automatically begin for all of the debt when a debtor's default on a few installments gives the creditor the option to accelerate the entire debt. *See* 12 Am.Jur.2d *Bills and Notes* § 1047 (1964) ("the default does not ipso facto start the running of the statute as to the entire debt but only as to the instal[l]ment or interest which is in default") (footnotes omitted). Following *Honn,* 311 N.W.2d at 2, only when the acceleration clause is automatic, or when the creditor "unequivocally exercises" an option to accelerate, does the entire debt become immediately due. *See* 11 Am.Jur.2d *Bills and Notes* § 296 (1963) ("An option to accelerate maturity of a bill or note has no operation until the holder takes some affirmative action to evidence his election to take advantage of the provision.").

Sorenson does not suggest that *Honn* incorrectly states the law. Instead, he argues that by taking possession of "the collateral when the Sorensons defaulted on their monthly payments, selling it, retaining the proceeds and making no further contact with Sorenson, [the Bank] did clearly accelerate the note and that this case would be an exception to the general rule stated in *Honn.* ..." That describes neither the law of optional acceleration, nor the material facts of this case.

■ Sorenson's affidavit does not show that the Bank had "no further contact" with Sorenson after April 1987. The record only shows that the Bank took possession of the car and Rollohome, sold the car and applied the proceeds before the note's maturity date, and applied the proceeds from the sale of the Rollohome ten days after the maturity date. This conduct, alone, does not evidence affirmative action to accelerate the note. To the extent that the proceeds from the Bank's sale of the surrendered collateral exceeded the

amount of any existing default, the Bank's conduct reflects no more than acceptance of prepayment from the Sorensons.

■ We should not be understood to say that a court cannot imply acceleration from a creditor's conduct in a proper case, even without a formal notice to the debtor. *Boyle v. American Security Bank,* 531 A.2d 1258, 1259 (D.C.App.1987) said, "while giving notice ... is a frequently-used method of announcing acceleration, notice is not necessary," and held that a demand for payment in full before the stated maturity date, and the setting-off of the balance due with the debtor's checking account deposits, fulfilled the requirement for affirmative action to accelerate a note. Similarly, *United States v. Nehl,* 599 F.Supp. 324, 326 (D.S.D.1984), said that "actions other than an explicit notice of acceleration may also constitute acceleration," and held, to commence the statute of limitations, that acceleration there was accomplished by the creditor's conduct in forcing the complete liquidation of the collateral to apply on the debt before explicit notice of acceleration was given.

■ Still, because an acceleration clause is generally for the creditor's benefit, not the debtor's, a court will rarely imply acceleration from a creditor's conduct. *See United States v. Feterl,* 849 F.2d 354, 357 (8th Cir. 1988) ("acceleration is seldom implied"); *United States v. Brichat,* 129 B.R. 235, 237 (D.Kan.1991) (same). *McCarty v. Goodsman,* 39 N.D. 389, 167 N.W. 503, 505 (1918), explains why:

> The acceleration clause only gives to the mortgagee a right, upon default in any part, to declare the whole debt due. It is clear that such a provision does not operate automatically to make the whole sum due as a matter of law.

As 11 Am.Jur.2d *Bills and Notes* § 294 states, "[t]he optional clause is not self-executing but requires some action on the part of the holder, since the provision is for his benefit and he may or may not take advantage of it."

■ A lender's conduct must evidence affirmative action "so clear and unequivocal that it leaves no doubt as to the lender's intention and no doubt that the borrower is apprised that the option has been exercised." *Feterl,* 849 F.2d at 357. This record does not contain evidence of that "clear and unequivocal" conduct necessary to leave "no doubt" of the Bank's intentions. Without some evidence that the Bank's conduct was intended as acceleration, there is no disputed fact about acceleration.

■ Finally, Sorenson argues that the trial court erred in determining the amount of the judgment, because the statute of limitations question "was just merely the first step of contention that Sorenson would argue affects this case and its outcome." Sorenson, however, did not resist the motion for summary judgment on any other grounds. As we have consistently said, *see Thomas v. Stickland,* 500 N.W.2d 598, 601 (N.D.1993), we do not consider questions that were not presented to the trial court and that are raised for the first time on appeal.

The summary judgment is affirmed.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.