**Harold WINDSCHITL, Respondent,**

v.

**Ervin J. WINDSCHITL, et al., Appellants.**

No. CX–97–2184.

Court of Appeals of Minnesota.

June 16, 1998.

Considered and decided by PETERSON, P.J., and CRIPPEN and MANSUR,* JJ.

## OPINION

PETERSON, Judge.

Respondent Harold Windschitl brought this action against appellants Ervin J. Windschitl and Barbara A. Windschitl, seeking to recover money owed to him under a contract. Based on the trial court's conclusion that the statute of limitations did not bar any part of respondent's claim, judgment was entered in favor of respondent. We affirm in part and reverse in part.

## FACTS

On December 4, 1975, appellants Ervin J. Windschitl and Barbara A. Windschitl entered into a contract for deed to purchase a farm from Ervin Windschitl's parents. The contract for deed provided for payment of the $32,000 purchase price as follows:

> Four Thousand Dollars ($4,000.00) on December 15, 1975, and the balance of Twenty-eight Thousand Dollars ($28,-000.00) payable at the rate of Two Thousand Dollars ($2,000.00) per year with the first payment of Two Thousand Dollars ($2,000.00) due on March 1, 1976 and each March 1st thereafter until paid in full. If not paid sooner, the contract balance becomes due and payable on March 1, 1990.
> * * *
>
> * * * *
>
> In the event second parties are unable to meet their payment in any year, they may pay only interest for that year and make a double principal payment the following year. However, the entire contract becomes due and payable on March 1, 1990, if not paid sooner.

The parents assigned the right to the principal payments under the contract for deed to Lorraine Roiger and respondent Harold Windschitl in equal amounts.

In February 1976, appellants sent respondent two checks, one for $2,000 and one for

C. Thomas Wilson, Gislason, Dosland, Hunter & Malecki, P.L.L.P., New Ulm, for respondent.

J. Brian O'Leary, O'Leary & Moritz, Chartered, Springfield, for appellants.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

$1,000. Thereafter, every year in February or March, from 1977 through 1982, appellants sent respondent a payment. Respondent refused to accept any of the payments sent from 1976 through 1982, and they were all returned to appellants.

In April 1982, appellants executed an agreement that provided:

> [Appellants] agree to comply with the balance due on the contract for deed and agree to pay the balance of $24,000.00 as follows:
>
> > $ 8,000.00 to Lorraine Roiger
> >
> > $16,000.00 to [respondent]
>
> Such payment is to be according to the terms and conditions of that contract for deed, dated December 4, 1975.

Thereafter, every year in March, from 1983 through 1987, appellants sent respondent a payment, but respondent refused to accept any of the payments.[1] In March 1988, respondent accepted a $1,000 payment from appellants, and in February 1989, respondent accepted a $1,080 payment from appellants.[2] In 1990, appellants tendered a $1,040 check to respondent as payment in full for the farm, but respondent refused to accept it.

On February 28, 1992, respondent began this action against appellants, seeking judgment in the amount of $14,000 plus any unpaid interest under the 1982 agreement, prejudgment interest, postjudgment interest, and costs and disbursements.[3] Appellants asserted a statute of limitations defense as to all payments that became due under the contract for deed more than six years before the action was brought. The trial court concluded that the statute of limitations did not bar any part of respondent's claim, and judgment was entered in favor of respondent in the amount of $14,000 plus costs and disbursements. Respondent does not challenge the trial court's conclusion that his refusal of the payments tendered by appellants precluded any claim for interest.

## ISSUE

Did the trial court err in concluding that the statute of limitations did not bar any part of respondent's claim?

## ANALYSIS

■ A six-year statute of limitations applies to this contract action. Minn.Stat. § 541.05, subd. 1(1) (1996) (action upon a contract).

> Where a money obligation is payable in installments, the general rule is that a separate cause of action arises on each installment and the statute of limitations begins to run against each installment when it becomes due.

*Honn v. National Computer Sys., Inc.*, 311 N.W.2d 1, 2 (Minn.1981). The general rule applies when the contract contains a final "balloon payment" provision. *Id.* at 3.

■ The trial court concluded that the general rule stated in *Honn* was inapplicable to this case because, in tendering each payment, appellants acknowledged the debt owed to respondent under the contract for deed. An acknowledgment of a debt tolls the statute of limitations on the debt and starts it running anew on the date of the acknowledgment. *Reconstruction Fin. Corp. v. Osven*, 207 Minn. 146, 148–49, 290 N.W. 230, 231 (1940). A partial payment of a debt is an acknowledgment of the existence of the debt. *Troup v. Rozman*, 286 Minn. 88, 90, 174 N.W.2d 694, 696 (1970); *Bernloehr v. Fredrickson*, 213 Minn. 505, 507, 7 N.W.2d 328, 329 (1942). For purposes of acknowledgment, tender of payment that is not accepted by the creditor has the same effect as a payment. *In re Maniatakis' Estate*, 258 Pa. 11, 101 A. 920, 922 (1917); 51 Am.Jur.2d *Limitation of Actions* § 373 (1970). Tender

---

1. Before the trial court, respondent alleged that in 1988, the parties entered into an oral contract under which appellants agreed to pay all amounts past due under the 1982 agreement. The trial court found that respondent failed to prove the 1988 contract, and respondent does not challenge that finding on appeal.

2. After Ervin Windschitl's parents died in 1988, respondent became entitled to interest as well as principal payments.

3. Appellants' attorney conceded at oral argument that respondent commenced this action on February 28, 1992, not on the date found by the trial court.

of payment, therefore, constitutes an acknowledgment of the debt that tolls the statute of limitations and starts it running anew on the date payment is tendered.

Respondent argues that in tendering each payment, appellants acknowledged the entire amount owed to him under the contract for deed and the 1982 agreement. *Troup* and *Bernloehr* state that a partial payment constitutes an acknowledgment of the balance owed on a debt. *Troup*, 286 Minn. at 90, 174 N.W.2d at 696; *Bernloehr*, 213 Minn. at 507, 7 N.W.2d at 329. Neither *Troup* nor *Bernloehr*, however, involved an installment-payment contract.

■ Neither this court nor the supreme court has decided the precise issue presented by this case, whether tender of an installment payment when due tolls and starts running anew the statute of limitations on payments due earlier. Under *Honn*, a separate cause of action arises on each installment due, and each installment has its own limitations period. 311 N.W.2d at 2. Holding that tender of an installment payment when due restarts the running of the limitations period on payments due earlier would conflict with the rule that each installment has its own limitations period. We, therefore, conclude that tender of an installment payment when due does not restart the statute of limitations on payments due earlier.

■ In the April 1982 agreement, appellants acknowledged the entire $16,000 debt owed to respondent. Thus, in April 1982, the six-year limitations period started running anew as to the entire $16,000. The April 1982 agreement provided that payments would continue to be tendered "according to the terms and conditions of th[e] contract for deed." Under the contract for deed, a $1,000 payment was due to respondent in March of each year from 1983 through 1989, and any balance owed was required to be paid in full on March 1, 1990.

The record shows that appellants tendered a payment in March of each year from 1983 through 1989. No evidence showed that any of the tendered payments was in an amount greater than the annual installment due. The six-year statute of limitations for the installments due in March 1983, March 1984, and March 1985 expired before respondent began this action on February 28, 1992. The trial court erred in concluding that the statute of limitations did not bar respondent's claims on the installments due in 1983, 1984, and 1985.

The April 1982 agreement did not contain any provision for payment of the amount previously due to respondent under the contract for deed. The contract for deed provided that any balance owed became due and payable on March 1, 1990. "Unambiguous contract language must be construed according to its plain and ordinary meaning." *Buchwald v. University of Minn.*, 573 N.W.2d 723, 726 (Minn.App.1998), *review denied* (Minn. Apr. 14, 1998). Under the plain and ordinary meaning of the language in the April 1982 agreement and the contract for deed, payment of the unpaid balance of the amount due under the April 1982 agreement became due and payable on March 1, 1990. The balloon-payment provision, however, did not prevent the statute of limitations from running on installments due more than six years before this action was commenced. *See Honn*, 311 N.W.2d at 3 (statute of limitations barred claim for installments due more than six years before commencement of action even though contract provided for final balloon payment of any unpaid principal and interest).

## DECISION

We reverse the judgment in respondent's favor on the $3,000 in installments due in 1983, 1984, and 1985. We affirm the judgment in respondent's favor on the installments due in 1986 and 1987 and on the balloon payment due in 1990. We reduce the judgment in respondent's favor from $14,000 to $11,000.

**Affirmed in part and reversed in part.**